### THOMAS SLATTERY v. THE STATE.

1. MAIMING.—The court cannot assume, in its charge to the jury on the trial of one charged with maiming, that a portion of the human body not mentioned in Pas. Dig., art. 2162, is a "member" of the body.  That is matter of fact to be found by the jury.
2. MAIMING.—On the trial of one charged with maiming, it should be distinctly presented to the jury, as a matter of fact, whether or not the person injured suffered the loss of a member of his body by the willful act of defendant, to such an extent as to substantially deprive him of it at the time of the injury.  If such an injury was inflicted, the offense of maiming is complete, though the member of which the party was deprived was put back to its proper place and afterwards grew there.
3. WHEN JUDGMENT CANNOT BE AFFIRMED, THOUGH CLEARLY SUSTAINED BY THE EVIDENCE.—This court cannot affirm a judgment of conviction, though in its opinion the verdict is clearly correct, if the District Judge in his charge has assumed the existence of the material facts of the case, has misdirected the jury as to the law arising on them, and left them no discretion in finding those facts which were most material.

APPEAL from Galveston.  Tried below before the Hon. Samuel Dodge.*

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—This is an indictment for

---

*This case was submitted for the first time only a few days before its decision.  The delay of more than a year after filing transcript in submitting it arose from causes unknown to the court.—REP.

" maiming," in which it is charged that the defendant bit
off the under lip of Charles Clark, the indictment being
very accurately drawn up in proper form under the follow-
ing provision of the code, to wit, (Pas. Dig., art. 2162,
(500 :) "To maim is to cut off or otherwise deprive a per-
son of the hand, arm, finger, foot, leg, nose, or ear, to put
out an eye, or in any way to deprive the person of any
other member of his body."

It was shown in evidence that the piece of flesh bit out
by defendant from Clark's under lip was about an inch
long and three-quarters of an inch thick, and that though
the place had healed up, it was a great inconvenience to
him in drinking and in talking. A physician being ex-
amined, thought that it would improve in those respects
by use, so that it would eventually be no great inconven-
ience to him. The true issues before the jury under this
state of facts were, as charged in the indictment, did de-
fendant make the assault on and bite off the under lip of
Clark, and was such under lip a member of his body.

The court charged the jury that "the offense of maiming
is complete, although the member of the body maimed is
not entirely injured or destroyed. Hence it follows that
biting only a portion of the human lip constitutes the
offense charged, the same as if the whole lip was bitten off,
the difference being in the degree of aggravation with
which the offense is committed and the injury inflicted
upon the person maimed."

This charge assumes, as matter of law, that the under
lip was a member of the body, and determines, as matter
of law, that biting off only a portion of the under lip would
be tantamount to biting off the whole of the under lip. If
the court could judicially know that biting off only a por-
tion of the under lip, however small, would deprive a per-
son of the whole under lip, and that the under lip was a
member of the body, then and then only would this charge
be correct. Those were questions which should have been

left to the jury. The under lip is not named in the code as one of the members of the body, and therefore it is a matter of fact whether it is or not.

But supposing the under lip to be a member of the body, as the jury, under proper instructions as to the legal import of the word "member," as used in the code, would certainly have found, it does not follow as a correct conclusion, as matter of law, that biting off a portion of it would deprive a person of that member of his body; and therefore it should have been distinctly presented to the jury, as a matter of fact to be found by them, whether or not the under lip of Clark was bit off by defendant to such an extent as to substantially deprive him of it at the time of the biting.

If that was the case then, and the piece had been put back and made to grow, or he had afterwards learned to do without an under lip, it would still be maiming under the law. For if he was then substantially deprived of his under lip, and that was a member of his body, the offense, as to that matter, was complete, irrespective of whether or not he was relieved of the inconvenience of his loss afterwards.

This case presents the question aptly, can this court affirm a conviction in which the jury has clearly found a correct verdict, according to our opinion, as to the weight of evidence—we deeming it to be even conclusive—wherein the district judge, in his charge, has assumed the existence of the material facts of the case, has misdirected the jury as to the law arising on them, and has left the jury no discretion in finding those which were most material; for the only question really submitted to them, as to the maiming, for the exercise of their judgment, was, did defendant bite off a portion only of Clark's under lip, however small—which was a fact established beyond dispute or controversy—all the rest being assumed by the judge.

To sanction such a conviction would in effect dispense with a jury except in form.

For the error in the charge of the court, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.