# TEXAS SUPREME COURT REPORTS.

## AUSTIN TERM, 1888.

### James K. Schmick v. N. W. Noel.

#### No. 5888.

72  1
79  275

1. **Indemnity Bond—Sheriff Allowed His Attorney Fees.**—Where a sheriff levying an attachment is sued for damages, and has an indemnity bond from the plaintiff in attachment protecting him against all "costs, charges, damages, and suits that he might incur by reason of the levy," the plaintiffs in attachment being joined with the sheriff in the suit for damages, it is not error to allow the sheriff, against the makers of such indemnity bond, reasonable attorney fees incurred by him in defending the damage suit.

2. **Practice.**—It is within the discretion of the trial court to permit the depositions of a witness to be read in evidence when he has been examined as a witness upon the trial. And it is not error to admit the depositions where the witness has been cross-examined upon them and an effort made to show a difference in the oral and written testimony of the witness.

3. **Opinion of Witness—Motion.**—It is incompetent to allow a witness to testify that a contract was made in good faith. A fact known to a witness though only from his own consciousness, and which may be pertinent to the issue, is admissible; but not when to such fact is added the exercise of the judgment upon its relation to other facts and an opinion upon such combination is expressed.

4. **Fraud—How Proved.**—It is error to charge the jury that "fraud is never presumed, but must be proved to the satisfaction of the jury," etc. Fraud may be proved by preponderance in the testimony, and is presumed from facts in evidence whenever they are sufficient to warrant such presumption.

5. **Dismissing as to Parties.**—On a former trial judgment was rendered against the sheriff and his sureties. The bond of the sureties had not been read in evidence. While the appeal was pending the plaintiff filed a paper in the District Court dismissing as to the sureties. In the Supreme Court appellee asked an affirmance against the sheriff alone. This was refused, and the case was reversed on appeal by the sureties. On the next trial no action was taken upon the said paper save an oral motion (which was refused) to have judgment of dismissal entered in accordance with the paper; and after the pleadings had been read the court refused to consider a supplemental answer sought to be read but not filed by leave of the court, by the sureties claiming the benefit of said paper as a dismissal. *Held,* That the action of the court was not error. Revised Statutes, art. 1259.

APPEAL from Eastland. Tried below before Hon. T. B. Wheeler.

An outline of the case is in the report in the former appeal, 64 Texas, 406. Additional facts necessary are in the opinion and in the last paragraph of the syllabus above.

*Fleming & Moore,* for appellant. —1. Attorney fees can not be recovered by litigants except when expressly contracted for, or in cases

involving punitory damages.  Landa v. Obert, 45 Texas, 544; Turner v. Miller, 42 Texas, 419; Hughes v. Brooks, 36 Texas, 379; Salado College v. Davis, 47 Texas, 135; White v. Fratt, 13 Cal., 521.

2.  It was an abuse of the court's discretion to allow Wood's depositions to be read after he had testified on the stand.  Randall v. Collins, 52 Texas, 435; Schmick v. Noel, 64 Texas, 408; Miller v. Jennett, 63 Texas, 86; Elliott v. Mitchell, 28 Texas, 111; Boetge v. Landa, 22 Texas, 108; Norvell v. Oury, 13 Texas, 31; Harris v. Leavitt, 16 Texas, 343; Weed v. Kellogg, 6 McLean, 44; Bowie v. Talbot, 1 Cr. C. C., 24; Rev. Stats., art. 2239; Laws 1879, 126; Laws of 1881, 18.

3.  Testimony as to the secret intention and communications of parties to an alleged fraudulent conveyance are not admissible to rebut circumstantial evidence of fraud.  Miller v. Jennett, 63 Texas, 86.

4.  The charge upon the proof of fraud was erroneous and misleading. Burch v. Smith, 15 Texas, 223; Weaver v. Ashcroft, 50 Texas, 443; Sparks v. Dawson, 47 Texas, 144; Brown v. Texas Cactus Hedge Co., 64 Texas, 396.

5.  The court further erred, in this, that it refused to permit the defendant's sureties on the sheriff's official bond to go before the jury on the issue raised by their pleading indorsed as a second supplemental answer alleging a discharge or dismissal of their case by plaintiff as to said sureties, the court striking out said plea on mere oral objections, as is fully evidenced in defendant's sureties' first bill of exceptions.  Rev. Stats., art. 1186.

*L. C. Alexander* and *A. M. Jackson, Jr.*, for appellee. — 1.  Attorney fees were covered by the bond of indemnity, and were properly allowed. Roberts v. Palmore, 41 Texas, 618.

2.  The reading of Wood's depositions was in effect but the recalling of the witness.  Schmick v. Noel, 64 Texas, 408.

Walker, Associate Justice.—December 7, 1883, appellee brought suit against Schmick, Sheriff of Eastland County, and his sureties, for damages for wrongful seizure of a stock of goods.  January 8, 1884, Schmick and his sureties answered, setting up in bar of the action that Schmick as sheriff, under attachments in his hands against one J. H. Wood, had seized the property; that the goods belonged to Wood; that plaintiff's claim was fraudulent and was made under a contract for sale fraudulent as against the creditors of Wood.  On same day Schmick made application that F. Ratto & Co., of Galveston, and Thos. Randall & Co., of Dallas, the plaintiffs in the attachment suits under which the seizure had been made, be made parties defendants, alleging that they had executed to him indemnity bonds before he had levied the attachments, indemnifying him from all "loss, costs, charges, judgments, or

suits" that might arise or be incurred by him by reason of the levy of the attachments upon the property seized.

The court refused the application; but at the next term, June 4, 1884, the attaching creditors made themselves parties, and pleaded, as the original defendants, that the seizure was under attachments regularly issued and levied upon the property which was alleged to have belonged to Wood and was fraudulently claimed by plaintiff.

June 11, 1884, defendant Schmick, by pleading, set up claim for $100 as reasonable attorney fees incurred by him in defense of the suit before the attaching creditors had appeared, alleging that it was a necessary charge incurred by him, and that he had incurred it relying upon the indemnity bond made by the creditors before he had levied the attachment. He asked judgment against them generally.

There was a trial before a jury, a verdict, and judgment for plaintiff against all the defendants for the amount of the verdict and for $100 in favor of Schmick against the attaching creditors who had made bonds securing him.

1. It was not error to allow the recovery of reasonable attorney fees where, as in this case, the sheriff had notified his indemnitors of the pendency of the suit and had not been furnished counsel for his defense. His bonds protected against "charges" additional to "costs." He had incurred the liability for counsel fees only after the neglect of his indemnitors to employ counsel. It was agreed that the amount was reasonable. The counsel employed seemed to have acted during the entire litigation and for all the defendants as against the plaintiff. Roberts v. Palmore, 41 Texas, 619; Kellogg v. Muller, 68 Texas, 186.

2. In this case, on a former appeal, it was held, that where the plaintiff, in answer to interrogations, had testified and was present testifying on the trial, while it was an irregularity to permit plaintiff, after testifying orally on the stand, to read his own deposition thus taken and not read by the defendants, still, being within the discretion of the trial judge, it was not cause for reversal. In this case it appears that on cross-examination the defendants had sought to leave the impression upon the jury that he had testified differently by depositions, and after defendants had closed their testimony the plaintiff had been allowed in rebuttal to read his depositions. 64 Texas, 408.

3. The sixth assignment of errors complains that Wood was allowed, by depositions, to testify for plaintiff to his intent in making the sale to Noel, and that the transaction was made in good faith. The fifth bill is substantially as follows, viz.: "On the trial plaintiff offered a deposition of J. H. Wood, taken by defendants and crossed by plaintiff, but not offered by defendants. To the first cross-interrogatory, as follows, 'Is it not true that the sale to plaintiff was in good faith and without intent on your part to defraud your creditors?' defendants objected that the

witness had not been examined by them on this matter, and as this was plaintiff's witness it was not competent for plaintiff to show the secret intents or motives of his vendor in this way by him, which objection was sustained and the answer excluded. Whereupon the plaintiff offered the second cross-interrogatory, viz., 'Did you communicate to plaintiff any design or purpose on your part to defraud your creditors at or before said sale? Answered, 'No.' To said question and answer defendants made the same objections as to the preceding interrogatory, which objections were overruled. Whereupon plaintiff offered the fifth cross-interrogatory, viz., 'Is it not true that the notes given by Noel to you in part payment of the goods were made and taken in good faith?' Answered, 'It is.' To the question and answer defendants objected for the reasons stated in their objections to the first interrogatory above, which objections were overruled. This deposition had been taken by the defendants, but was offered by the plaintiff. No question in the direct interrogatories authorized or called for the facts contained in these questions and answers."

It is evident that the transaction of sale was valid if the notes, the principal part of the consideration, were untainted with fraud.

It is well said in Miller v. Jennett, 63 Texas, 86, "If the elements constituting fraud accompanied the sale it was unimportant what the real object of the parties was, and no honest intention on their part would have made that valid which the law declares shall be void under the circumstances." Besides, this is an assumption by the witness to pass upon the very questions submitted with proper instructions to the jury. The testimony does not come under that class of cases discussed in Hamburg v. Wood, 66 Texas, 176. A fact known to the witness, though only from his own consciousness, and which may be pertinent to the issue, is admissible, but not when to such fact is added the exercise of the judgment upon its relation to other facts and an opinion upon such combination is expressed. This testimony of the witness that the giving and the receiving of the notes were in good faith was error, and such that it is likely that injury resulted.

4. The seventh assignment of error complains of the charge of the court, "That fraud can not be presumed, but must be proved to the satisfaction of the jury by evidence adduced on the trial. And in this case the burden is on the defendants to prove the fraud as alleged by them; but, as any other fact, it may be proved by circumstantial evidence." The complaint against this is more than mere verbal criticism. The defects have often been pointed out by this court. Fraud is presumed whenever the presumption, from the circumstances in evidence, is sufficiently strong to produce conviction upon the jury trying the issue.

As to quantity of evidence, the law prescribes no rule—a preponderance is sufficient; and it is not required that the same degree of cer-

tainty be produced as in criminal cases. The formula is contradictory and conveys no clear meaning to the jury. The defect would not, perhaps, require a reversal. Burch v. Smith, 15 Texas, 223; Weaver v. Ashcroft, 50 Texas, 445; Sparks v. Dawson, 47 Texas, 144.

5. As to the effect of the effort of plaintiff to cure the error in the former appeal by filing the paper attempting to dismiss as to the sureties while the former appeal was pending, in the action of the court upon the document we see no error. Rev. Stats., art. 1259.

There being in evidence much testimony against the validity of the transfer by Wood to Noel, as well as supporting it, we can not say that the error in admitting the testimony of Wood, above discussed, was harmless; and for that error the judgment below will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion April 24, 1888.