AMERICAN SURETY CO. OF NEW YORK v. PHILLIPS et al. (No. 1839.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1917. Rehearing Denied Nov. 22, 1917.)

PRINCIPAL AND SURETY &#9914;&#8667;73—BREACH—LIABILITY—ATTORNEY'S FEES.

Plaintiff purchased land which was subject to vendor's lien notes and the seller delivered to her an indemnity bond, conditioned that in event the vendor's lien notes should not be paid on or before maturity, the surety would indemnify plaintiff against all loss which might be incurred by her. The seller failed to pay all of the notes at maturity, whereupon the defendant surety acquired the outstanding vendor's lien note and delivered to plaintiff a release of the lien. *Held* that, notwithstanding the technical breach, plaintiff, having suffered no loss, could not, in an action on the bond, recover as loss attorney's fees incurred in prosecuting suit on the bond.

Appeal from District Court, McLennan County; Richard I. Monroe, Judge.

Action by Mrs. Trannie H. Phillips against the American Surety Company of New York and another. From a judgment for plaintiff the named defendant appeals. Reversed and rendered.

The action is by Mrs. Trannie H. Phillips against the American Surety Company of New York and Mrs. A. C. Goodwin, to enforce the terms of an indemnity bond set out below. The plaintiff asked for attorney's fees alleged to have been incurred by her in the suit enforcing performance of the bond of indemnity, claiming that the terms of the bond included payment of attorney's fees in the event of suit on the bond. The indemnity bond in evidence reads as follows:

"Know all men by these presents: That we, Mrs. A. C. Goodwin, as principal, and the American Surety Company of New York, as surety, are held and firmly bound unto R. W. Phillips and Mrs. Trannie H. Phillips, his wife, in the sum of ten thousand ($10,000) dollars, lawful money of the United States, for the payment of which, well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators and successors, jointly and severally, firmly by these presents: Sealed with our seals, dated this 6th day of December, 1912. Whereas, Mrs. Fannie P. Nettles, heretofore conveyed to Mrs. A. C. Goodwin, by deed dated July 14, 1911, recorded in the deed records of Falls county, Texas, in volume 73, page 153, original lot No. 18, in Marlin, Texas, northwest of the public square, said lot being eight hundred and ninety-three (893) feet north and south by five hundred and seventy (570) feet east and west, containing eleven and sixty-eight one-hundredths (11$^{68}$/$_{100}$) acres of land, for a consideration of twenty-three thousand, seven hundred and fifty ($23,750.00) dollars, namely, six thousand, six hundred and thirty-three dollars and thirty-five cents ($6,633.35) cash, and three vendor's lien notes each for five thousand, seven hundred and five dollars and fifty-five cents ($5,705.55), of the same date as said deed, due on or before July 1, 1912, July 1, 1913, and July 1, 1914, respectively, bearing interest at the rate of seven per cent. (7%) per annum, and containing the usual attorney's fee clause; the first of which notes has since been paid in full, and partial payment having been made upon the second of said notes, leaving a balance due upon the second and third of said notes amounting to a sum between ten thousand ($10,000) and eleven thousand ($11,000) dollars; and, whereas, said Mrs. A. C. Goodwin heretofore conveyed to George S. McGhee, by deed dated July 20, 1912, recorded in the deed records of Falls county, Texas, in volume 79, page 50, forty-five (45) lots of the Goodwin addition to Marlin, Texas, as shown by plat recorded in the deed records of Falls county, Texas, volume 77, page 544, said lot being a part of the land conveyed to Mrs. A. C. Goodwin by Mrs. Fannie P. Nettles, as above stated, the consideration paid by said George S. McGhee being thirty-four thousand, one hundred dollars ($34,100.00), of which twen-

---

ty-three thousand one hundred dollars ($23,100.-00) was paid in cash, and the balance being paid by said George S. McGhee assuming payment of the second and third vendor's lien notes above mentioned, executed by Mrs. A. C. Goodwin, payable to Mrs. Fannie P. Nettles; and whereas, the said Mrs. A. C. Goodwin has conveyed to Mrs. Trannie H. Phillips, wife of R. W. Phillips, by deed dated September 26, 1912, that certain lot or parcel of land in the city of Marlin, Falls county, Texas, being a part of the Goodwin addition to the city of Marlin, and designated as the Goodwin homestead, and north half of (lot) No. 8 in block No. 1, Goodwin addition, and described by metes and bounds as follows: Beginning at the southwest corner of Lot No. 6 in block No. 2 of said Goodwin addition; thence west with the south line of said lot, two hundred and twenty-five (225) feet to a fifteen (15) foot alley; thence south with the east line of said alley, one 'hundred and sixty-two (162) feet to the northwest corner of a lot heretofore sold to B. O. White; thence east with White's north line two hundred and twenty-five (225) feet to his northeast corner in the west line of Perry street; thence north with the west line of Perry street, one hundred and sixty-two (162) feet to the place of beginning; and, whereas, said vendor's lien notes above described constitute a lien upon the property conveyed by Mrs. A. C. Goodwin to Mrs. Trannie H. Phillips, as aforesaid; and, whereas, said Mrs. A. C. Goodwin desires to assure Mrs. Trannie H. Phillips that said notes will be paid at maturity, and the land conveyed to said Mrs. Trannie H. Phillips be relieved and discharged from the lien of said notes, and to indemnify said Mrs. Trannie H. Phillips against all loss which may be incurred by her in case said notes should not be paid at maturity: Now, therefore, the condition of this obligation is such that if said vendor's lien notes should be paid on or before the dates when they are due, then this obligation shall be void; otherwise to remain in full force and effect. Provided, however, and this obligation is upon the further express condition that no claim, suit, action or other proceeding, by reason of any default shall be brought against the principal or surety on this bond after the sixth day of December, 1914. [Signed] Mrs. A. C. Goodwin, Principal. [Seal.] American Surety Company of New York, by Paul Berghans, Res. Vice Pres. Attest: W. T. Decherd, Res. Asst. Secy."

The last series of the note described in the bond, for the sum of $5,705.55 with one year's interest, was not paid at maturity July 1, 1914, but the note was still held by the payee, Mrs. Fannie P. Nettles, and remained a valid and subsisting incumbrance upon the property conveyed by Mrs. Goodwin to plaintiff. Under date of September 29, 1914, the plaintiff's attorney wrote to the defendant surety company, advising it that said note had not been paid, and demanding that it pay or have paid said note and have the vendor's lien against plaintiff's said property released. The instant suit was filed by plaintiff on December 2, 1914; and after the suit, in the fall of 1915, the surety company purchased the vendor's lien note from Mrs. Fannie P. Nettles, and took a transfer from her of the lien on December 13, 1915. On March 2, 1916, before trial of the case, the surety company delivered to plaintiff a release of the vendor's lien so transferred to it, and the plaintiff accepted said release, but without prejudice to her claims in this suit for attorney's fees. The court rendered judg-

ment in favor of the plaintiff against the surety company for the attorney's fees sued for.

Spivey, Bartlett & Carter, of Marlin, for appellant. Oltorf & Oltorf, of Marlin, and Alva Bryan, of Waco, for appellees.

LEVY, J. (after stating the facts as above). The appellee, the indemnitee, brought suit on the contract of indemnity executed by the surety company to enforce performance of that contract by compelling the surety company to discharge that obligation. It was alleged that the surety company was liable because there was a breach of the express terms of the contract, in that the maker of the vendor's lien note had failed at maturity to pay to the payee the last vendor's lien note. In the petition the plaintiff further sought to recover as costs attorney's fees incurred by her in the institution of the suit against the surety company to enforce performance of the term of the bond of indemnity. And the question for review on appeal is that of whether or not the court erred in allowing recovery for the attorney's fees incurred in prosecuting the suit on the bond. The terms and extent of the surety company's obligation of indemnity, as expressed in the contract, is, in the event the vendor's lien notes should not be paid on or before the dates when they are due, "to indemnify said Trannie H. Phillips against all loss which may be incurred by her in case said notes should not be paid at maturity." The words "all loss which may be incurred by her" mean and refer to the transaction indemnified against. And if it had been alleged and proven that the indemnitee had been compelled to pay the vendor's lien note, according to its face and tenor, in order to protect her land against sale under foreclosure, she may, in the action on the contract of indemnity, be entitled to recover the amount so paid on the note, according to its face and tenor, which included attorney's fees. Or if it had been alleged and proven that as a result of a suit against her she had been compelled to pay attorney's fees to prosecute such suit, she may be entitled, in the action on the contract of indemnity, to recover the legal costs and attorney's fees so expended by her. Schmick v. Noel, 72 Tex. 1, 8 S. W. 83; Roberts v. Palmore, 41 Tex. 619. In each of these instances the "loss" would have resulted from the transaction indemnified against. But the attorney's fees here sought to be recovered are not a part of the "loss" incurred by reason of and arising out of the vendor's lien note transaction indemnified against, as above illustrated. The attorney's fees here sought to be recovered were only incurred to enforce performance of the terms of the bond of indemnity. And the bond of indemnity does not, according to its terms, provide for nor entitle the indemnitee to recover the attorney's fees as here sued for. The contract

of indemnity which alone created must determine the extent of the surety company's liability both at law and equity; for there is no principle upon which a court of equity or law can enlarge the legal effect of the agreement. The bond is not governed, it is thought, by the articles of the statute referred to by appellee.

The judgment, as far as it pertains to attorney's fees, is reversed; and in that particular only judgment is here rendered in favor of the surety company.