THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BALDO-MERO ROSA MARTÍNEZ ET AL., Defendants and Appellants.

No. 6340. Argued May 25, 1937.—Decided May 28, 1937.

*Baldomero Rosa Martínez* in his own behalf. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Baldomero Rosa Martínez and Epifanio Dieppa Pagán were charged by the District Attorney of San Juan with having wilfully and maliciously assaulted and battered Juan Carlos Reyes with a knife, on January 25, 1935, at San Juan, inflicting several wounds in the left forearm and in the epigastric region, as a result of which his left arm was mutilated.

The defendants pleaded not guilty and asked for a jury trial. After the trial, the jury brought in a verdict of guilty. On February 8, 1936, the court rendered judgment sentencing Rosa to three years' imprisonment in the penitentiary and Dieppa to one year's imprisonment.

Both appealed to this court, and the record was filed on October 3, 1936. The appellant Dieppa has taken no further steps. The appellant Rosa requested several extensions of time, which were granted, and finally on February 10 last, he personally filed his brief. He argues that the evidence shows that he had no intention of causing damage to Reyes, inasmuch as the other defendant was the one who inflicted the serious wounds on him, and that this is not a case of mayhem but of aggravated assault and battery.

■ We have examined the evidence. It was conflicting with respect to the participation of Rosa in the occurrence. Rosa testified that Reyes struck him first with his fist, and that he defended himself with a carpenter's folding knife. But Reyes testified that the facts occurred in quite a different way. After stating that he had found his wife at the home of Rosas's mistress, sitting on Dieppa's lap, and that he had gone to get a police officer, he said:

"They called me, and as I had nothing with him, I turned back. Immediately Epifanio Dieppa, who was hiding, came out, grabbed me by the hand, and shouted at Baldomero Rosa—cut him now— and Baldomero did cut me, and then Dieppa pulled out a weapon that I was unable to distinguish, and he cut me in the chest. I started running and they followed me, and when I arrived at the corner of Nueva Street, they turned back running. Then I met Antonio Balasquides and he took hold of me as I was dizzy and upon arriving at stop 23 I saw officer Flores who was riding on the street car and he called him. They took me to the hospital and I fainted, then I knew no more."

The jury believed Reyes, and by virtue of the examination we have made of the record, we think that their conclusion was well-founded.

■ In respect to whether mayhem had been committed, we must consider the statements of Dr. Arsenio Comas, medical expert, who testified before the jury. He examined Reyes on the night that he was wounded, and stated that Reyes had "a deep incissive wound on the inner side of the left

forearm that penetrated the skin, the muscles, the nerves, and the blood vessels,'' and another ''slight wound in the epigastric region, that is, what we call the solar plexus.''

In referring to the first wound he said: ''The boy's left hand is mutilated. His hand is incapacitated to the extent of 50 per cent. He can not seize anything. The tendon affected by the wound is the one that runs through the back of the hand and connects with the little finger, the fourth finger and the middle finger. The finger has been rendered completely useless. The hand, as a whole, has an incapacity of 50 per cent. If the hand were operated on it might be improved somewhat.''

If this testimony is examined in the light of the law and the jurisprudence, it supports the characterization of mayhem given to the offense. Section 212 of the Penal Code; *The People* v. *Pizarro,* 21 P.R.R. 17; 40 C. J. 2, 7; Brill's Criminal Encyclopedia, 1365, and *Slattery* v. *The State,* 41 Tex. 619.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.