STATE EX REL. GLEIM v. EVANS, JUSTICE OF THE PEACE.

[Argued July 17, 1893. Decided July 31, 1893.]

JUSTICE OF THE PEACE—*Change of venue.*—An application for a change of venue in a justice court, supported by an affidavit making a proper showing, terminates the jurisdiction of the justice for further action other than transferring the cause to another justice.

SAME—*Same.*—An application for a change of venue in a justice court is made in time when made upon the day to which a case has been continued after a plea of not guilty, but before the trial has commenced.

SAME—*Bail and recognizance—Forfeiture.*—The forfeiture of a defendant's bail in a misdemeanor case before a justice of the peace for failure to be present at

the time of trial, when represented by counsel present, is unwarranted under section 478 of the Criminal Practice Act, providing that the defendant must be personally present before the trial can proceed, as such provision is intended for the protection of the accused, and does not control section 200 of the Criminal Practice Act, providing that if the defendant is charged with a misdemeanor, his personal presence is not necessary, and he may appear, be arraigned, and plead by counsel.

SAME—*Same.*—A justice of the peace has no authority upon declaring a defendant's bail forfeited to turn over to the county attorney money which had been deposited by the defendant in lieu of a bail bond, but he should certify and return the same to the district court, as required by section 504 of the Criminal Practice Act, in case of the breach of any recognizance.

CERTIORARI—*Bail and recognizance.*—The proceedings of a justice of the peace in declaring the bail of a defendant forfeited may be properly reviewed on *certiorari.*

Original proceeding. Application for a writ of *certiorari* to review action of justice of the peace in declaring a defendant's bail forfeited. Orders annulled.

Statement of the case by Mr. Justice Harwood.

This is a writ of *certiorari* for review of certain proceedings heretofore had before J. M. Evans, justice of the peace of Missoula county, in two criminal cases, wherein Mary Gleim, petitioner in this proceeding was defendant, charged with the crime of assault and battery in each of said cases; and it is alleged that said justice exceeded his jurisdiction in certain orders and proceedings therein.

It appears from the return of the justice that on the nineteenth day of January, 1892, complaint was duly made and filed in his court charging said Mary Gleim with the crime of assault and battery in two several instances; whereupon, warrants were issued and executed by the arrest of Mary Gleim, and she was released from custody on deposit of the sum of fifty dollars with said justice of the peace as cash bail, in lieu of the bond required in each of said cases. Thereafter, several continuances were had in each case from time to time, on application of defendant's attorney, S. G. Murray, Esq., until the twenty-fifth day of January, 1892, when defendant appeared in person and entered her plea of "not guilty" to each of said complaints; that both cases were then set for trial on the 26th of January, at two o'clock, P. M. At the time last stated defendant's attorney appeared in her behalf (she not being personally present) and filed and presented to said justice an affidavit for

change of venue in the case first called for trial, which affidavit was subscribed and sworn to by defendant, and reads as follows:

"Mary Gleim, being duly sworn, deposes and says that she is the defendant in the above-entitled action; that she has reason to believe and does believe that she cannot have a fair and impartial trial before the justice of this court for the following reasons: About two years ago this affiant and the above-named justice had a personal difficulty, in which there were such hard feelings engendered on the part of said justice against this defendant that he has ever since that occurrence held a personal enmity against her, and has upon numerous occasions shown by his conduct, both as a citizen and as an officer of this court, that he has a personal grudge against this affiant; that affiant is informed, and believes, and therefore affirms, that the said justice has recently said to numerous persons that he was prejudiced against her. Affiant therefore prays that this cause may be transferred to some other court of concurrent jurisdiction, there to be heard and tried upon its merits. Affiant further affirms that this application for change of venue is not made for the purpose of delay, but that substantial justice may be done."

Upon this affidavit, defendant, by her attorney, then moved said justice's court to order said case transferred to another justice of the peace for trial, as provided by law in such cases; but the justice overruled said application for a change of venue; and thereafter, on the same day, at ten minutes past three o'clock, P. M., the defendant, not being personally present, but her counsel being present and representing her, the court, on motion of the attorney for the state, made an order declaring defendant's bail deposited in each of said cases forfeited, and thereupon ordered the city marshal to produce defendant in person in court forthwith; which requirement was complied with, as recited in the record, "by defendant appearing in court, in company with the city marshal, C. R. Prescott." Whereupon, the trial of one of said cases first called ensued before said justice of the peace, and a jury impaneled at the request of defendant; which trial resulted in a verdict by the jury finding defendant guilty, and assessing a fine of twenty-five dollars and costs as her punishment, which she satisfied by payment.

The other case was continued until the following day, January 27th, at two o'clock, P. M., and her cash bail of fifty dollars theretofore deposited in that case having been declared forfeited, the justice ordered that defendant "should give bond for appearance before him on the twenty-seventh day of January, 1892, at two o'clock, P. M. The defendant then and there deposited the sum of five hundred dollars in cash as bail for her appearance at the time last stated, in lieu of the required bond. On January 27th counsel for defendant appeared and presented a motion for a change of venue, supported by affidavit of defendant containing affirmations substantially as set forth in the affidavit above recited. But it appears the justice then and there " overruled said motion, upon the ground that the affidavit and all thereof was false and untrue"; and the defendant, not having appeared in person at fifteen minutes past three o'clock, P. M., of said day, when the case was called for trial her default was entered, and the attorney prosecuting " moved the court that the bail bond for the appearance of defendant be forfeited. S. G. Murray, attorney for defendant then offered to proceed to trial without defendant being in court, which was by the court refused, and the motion to forfeit the bail so given, as aforesaid, was sustained by the court, and said cash bail in the sum of five hundred dollars, deposited in lieu of the bond, was ordered by the court to be forfeited, and the city marshal ordered to produce the defendant in court forthwith." At half past three of said last-mentioned day the defendant appeared in court in custody of the city marshal, and the trial proceeded before the court, sitting with a jury demanded by defendant; which trial resulted in a verdict returned by the jury finding " defendant guilty of assault, and fixing her fine in the sum of five dollars and costs."

It appears that the fine and costs assessed against defendant in each of said cases were paid by her without further proceeding. And that thereafter on the tenth day of February, 1892, counsel for defendant appeared and moved said justice to certify the cash bail deposited in lieu of a bail bond to the district court. The return of respondent recites that "said motion was denied, for the reason that said money had been paid to the county attorney of Missoula county." The return

also sets forth that, at certain times said bail money declared forfeited had been paid to said county attorney.

Upon this record, it is insisted by petitioner's counsel that the action of said justice in declaring the forfeiture of said bail deposited by defendant was in excess of his jurisdiction: 1. Because said justice had lost all jurisdiction of said cases by the filing of the affidavit and the demand for change of venue, as shown by the record, and therefore all proceedings taken by said court after the presentation of said affidavit and application for change of venue, were in excess of said justice's jurisdiction, void, except such as were voluntarily acquiesced in by defendant, and ought to be annulled; 2. That said orders of forfeiture of the bail money deposited by defendant were in excess of the jurisdiction of said justice, because defendant in said criminal cases was present by her counsel, who was personally in court, offering to represent her in any lawful proceeding of the court in either of said cases, and therefore, on the admission of respondent in his return, there were no facts existing to warrant the order of the court forfeiting said bail.

*E. W. Toole and Albert I. Loeb,* for Relator.

*Henri J. Haskell,* Attorney General, for Respondent.

HARWOOD, J.—Petitioner was entitled, under the provisions of the law, to a change of venue, on the affidavit and application presented, and therefore, Justice Evans had no jurisdiction to proceed further, after the presentation of said affidavit and application for removal of said cases to another justice of the peace. His jurisdiction was terminated by that proceeding. It appears to be conceeded that the showing was sufficient to entitle petitioner to a change of venue, but the attorney general objects, on behalf of respondent, that the application for a change of venue was not made in time, because the case had been set for trial. This position, however, cannot be sustained. The case had merely been continued to a certain day, and it cannot be maintained that the trial had commenced, in any sense, when the applications for change of venue were made. (Murfree on Jurisdiction of Justices, sec. 502.) The statute clearly contemplates that if the application be made before the

trial is commenced, it is in time, and the statute provides that the application for removal of the case to another justice may be made after a jury has been called for. (Com. Stats., § 780, p. 262.) But in the case at bar a jury had not even been de-manded when the application was presented. It follows that all proceedings in said case taken by said justice of the peace, after application for change of venue, were in excess of his jurisdiction, because, by that event, his jurisdiction for further action, otherwise than transferring said cause to another justice of the peace, as provided by law ceased. (*People* v. *Hubbard*, 22 Cal. 35; *Herbert* v. *Beathard*, 26 Kan. 746; *Hellriegel* v. *Truman*, 60 Wis. 254; *Jenkins* v. *Morning*, 38 Wis. 199; *State* v. *Clayton*, 34 Mo. App. 563.)

On the second point raised by petitioner's counsel we are also unhesitatingly of opinion, that, under the facts set forth in the return of respondent, his action in declaring the bail money deposited by defendant forfeited was unwarranted, and in ex-cess of his jurisdiction, and therefore must be annulled. De-fendant was charged in each case with acts amounting to a misdemeanor. The Criminal Practice Act provides, in section 200, that if the defendant is charged with a misdemeanor, "his personal presence is not necessary, and he may appear, be ar-raigned, and plead by counsel"; and while section 478 of the Criminal Practice Act, especially pertaining to prosecutions in justice's courts, provides that "defendant must be personally present before the trial can proceed," we do not think the latter provision, in view of others, was intended to be so con-strued and applied so as to work injury to defendant. Its purpose was to provide that before the trial could proceed, jurisdiction of the person of defendant must be acquired by his arrest and arraignment, whereby he would be informed of the charge preferred against him, and would be put upon no-tice to obtain counsel, and prepare for his defense. And if defendant is held in custody, the requirement is, to bring him in to be present at the trial, and not proceed in his enforced absence. But if the defendant has furnished the required bail for his appearance, and to answer any judgment that might be rendered against him, and he is at liberty to attend his trial, and has counsel present to represent him, and the judgment is

promptly satisfied, we are fully of the opinion there would be no ground to warrant the forfeiture of the bail, under such circumstances, and such were the circumstances under which the order was made declaring the bail forfeited in the proceeding under review. (*State* v. *Rickards*, 21 Minn. 47.) Such a ruling would turn a law, undoubtedly made for the protection and benefit of the accused, to his disadvantage and oppression.

It should be further observed that the justice also exceeded his jurisdiction in undertaking to make disposition of said bail money in such a summary manner, as recited in his return, for the law plainly provides, in section 504 of the Criminal Practice Act, that "in case of the breach of any recognizance entered into as aforesaid, the same shall be certified and returned to the district court, to be proceeded on as recognizances certified to such court by magistrates." In this instance, the money deposited by defendant, coupled with the conditions provided by law, was her recognizance.

Respondent's counsel objects that the writ of *certiorari* is not the proper remedy to review said proceedings of the justice, because appeal to the district court is provided, in favor of defendant, in case of conviction. The appeal provided for in such cases takes the case into the district court for trial *de novo* of the issues involved. In this case the issue involved is whether or not defendant is guilty of assault, as charged in the complaint, and put in issue by her plea of "not guilty." Such issue in no way involves the action of the justice of the peace in declaring forfeited the bail money deposited by defendant. Besides, defendant submitted to the fine, and therefore there was no case for appeal on her part. Nor would such appeal, under our practice, for trial *de novo*, afford any relief against the action of the justice in retaining said case and proceedings therein, after demand for change of venue. If it be true, as shown by the authorities, and held above, that the detention of said case, and further proceedings therein by Justice Evans, was unauthorized, and in excess of his jurisdiction, the appeal for retrial of the issues involved in the case would in no way give the petitioner relief against said acts of the justice, in excess of his jurisdiction. The appeal would rather involve a submission to such action, as though it was fully

within the justice's jurisdiction. The authorities are against the proposition of respondent's counsel, that this proceeding for correction of excessive action of the justice of the peace is improper practice. (See cases cited *supra,* and especially *State* v. *Clayton,* 34 Mo. App. 563, and *Combs* v. *Dunlap,* 19 Wis. 591; *Withington* v. *Southworth,* 26 Mich. 381.)

For the foregoing reasons, it is ordered that the order of the justice of the peace, declaring forfeited said sums of money, amounting to six hundred dollars, deposited in said cases by defendant, as bail for her appearance, and to answer any judgment that might be rendered against her in said actions, are hereby set aside and annulled.

PEMBERTON, C. J., and DE WITT, J., concur.