TANEY, Respondent, v. VOLLENWEIDER, Appellant.

(No. 1,561.)

(Submitted May 1, 1903.　Decided May 4, 1903.)

*Garnishment—Payment Into Court by Garnishee—Effect of Judgment—Justice of the Peace—Change of Venue—Statutory Provision—Costs.*

1.　Where a garnishee paid into court, in answer to garnishment served upon her, the full amount of her indebtedness to the defendant in the proceedings, the judgment recovered therein against him operated to fully discharge the garnishee's indebtedness.

2.　Where defendant, on being granted a change of venue, refused to pay the accrued costs as provided by Code of Civil Procedure, Section 1484, it was the duty of the justice of the peace to proceed with the trial.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Action by P. S. Taney against Mary Vollenweider. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Messrs. Duffy & Casey,* for Appellant.

Under Section 900, Code of Civil Procedure, it was made the duty of this appellant to pay the money into the justice's court as soon as she was served with garnishee process; it was also, under Section 1682, Code of Civil Procedure, the duty of the justice of the peace to receive the money. The garnishee and appellant in this action should be protected from double liability. (Drake on Attachment, 6th Ed., Secs. 693, 699, 701, 706 and 710; *Marden* v. *Wheelock,* 1 Mont. 52; *Dole* v. *Boutwell,* 1 Allen, 286; *Barrow* v. *West,* 23 Pick. 270; *Foster* v. *Jones,* 15 Mass. 185; *Holmes* v. *Remsen,* 4 Johns. Ch. 46; *B. & O. Ry. Co.* v. *May,* 25 Ohio St. 347; *Johnson* v. *Carey,* 2 Cal. 34; *Sessions* v. *Stephens,* 46 Am. Dec. 339.)

*Messrs. Walsh & James,* for Respondent.

The justice of the peace acted without jurisdiction in entering judgment, and the same is absolutely void. (*State ex rel. Kenyon* v. *Laurandeau,* 53 Pac. 536.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court by the plaintiff to recover the sum of $45 and to establish and foreclose a mechanic's lien upon certain property in Anaconda, Montana. The complaint is in the usual form. The denials in the answer raise no material issues. As an affirmative defense the defendant alleges that after she became indebted to this plaintiff, and before the commencement of this action, she was served with a writ of attachment and notice of garnishment in an action in the justice of the peace court of C. H. Williams, a justice of the peace of Anaconda township, wherein Frank Hall was plaintiff and this plaintiff, P. S. Taney, was defendant; that a judgment was recovered by Hall against Taney for $45.50; that an execution was issued thereon, a copy of which, with notice of garnishment, was also served on this defendant; and that by reason of these facts, and the demand of the constable, she paid into that court the sum of $45, being the whole of her indebtedness to this plaintiff. A reply was filed, which assumes to put in issue the allegations of this affirmative defense. Upon the trial the defendant admitted that the plaintiff had performed the work for her as alleged in his complaint. The plaintiff then offered in evidence the record of the county clerk's office showing the filing of his lien, and then rested. The defendant offered in evidence the records of the justice of the peace court showing the proceedings had in the case of Hall against Taney from the commencement of the action to the entry of judgment, all substantially as alleged in her answer. She also introduced in evidence the receipt for the money paid into court by her. No rebuttal testimony was offered whatever,

and upon this record the district court found in favor of the plaintiff, and entered a money judgment for $45 and for costs, amounting to $6, and for $50 attorney's fees. No finding whatever was made with reference to the lien claimed by the plaintiff, and no provision is made in the judgment for the foreclosure of such lien. From this judgment, and an order denying defendant's motion for a new trial, she appeals.

If, at the conclusion of plaintiff's testimony, no further evidence had been offered, a *prima facie* case would have been made out in plaintiff's favor for the amount of his claim. However, the defendant offered in evidence record proof of the fact that she had paid into court, in answer to garnishment served upon her, $45, the full amount of her indebtedness to plaintiff; that such notice of garnishment had been served upon her before the commencement of this present action; and that a judgment was recovered in the justice of the peace court against this plaintiff. No attempt was made to dispute these facts, and upon this showing we deem them proved. This defendant having paid into the justice of the peace court the full amount of her indebtedness to this plaintiff upon the garnishment served upon her, and a judgment having been obtained against this plaintiff in that court, that judgment operated to fully discharge the indebtedness from this defendant to the plaintiff herein, and she was, therefore, entitled to a judgment in her favor for costs. We do not understand how the district court can enter up a judgment, including attorney's fees, upon an open account for work and labor done and for material furnished, in the absence of any finding that plaintiff is entitled to a lien (assuming that, in the event a lien was established, an attorney's fee might be recovered as a part of the costs). It appears from the record of the justice of the peace court that after defendant, Taney, appeared in that action, he moved for a change of venue, which was granted upon the condition that he pay the accrued costs, as provided by Section 1484 of the Code of Civil Procedure. This he refused to do, and the justice proceeded to try the cause, and entered judgment against him. It is now urged here that

he did so without jurisdiction, and that the judgment was, therefore, void. This was doubtless the theory upon which the district court proceeded in this cause in finding for the plaintiff. It would be an anomalous position, indeed, for a party to assume to say that he moved for a change of venue, and refused to pay the fees required as a condition precedent to the justice's transmitting the papers to another court, and then insist that the court of primary jurisdiction could not act further in the premises. We do not understand that a party by his wrongful act can secure such an advantageous position. Upon the refusal of Taney to pay the accrued costs as required by law, it was the duty of the justice of the peace to proceed with the trial. However, we cannot say that the testimony introduced upon the trial of this cause was all that might be produced upon a new trial thereof. It is therefore ordered that the judgment and order appealed from be reversed, with directions to the district court to grant the defendant herein a new trial.

*Reversed and remanded.*