(December 10, 1904.)

## PRESLEY v. DEAN.

[79 Pac. 71.]

PRACTICE IN JUSTICES' COURTS—CHANGE OF VENUE—JURISDICTION—
STATUTORY PROVISION—COSTS.

1. Where a defendant on being granted a change of venue refuses to pay the costs of making a transcript of the justice's docket, provided by subdivision 1 of section 4643, Revised Statutes, it is the duty of the justice of the peace to proceed and try the case.

2. Where a defendant has obtained a change of venue, conditioned upon payment of the costs of a transcript of the docket, and fails to pay such costs, the oral notice of the justice to the attorney of the defendant that he will proceed and try the case at a certain time is sufficient.

3. A court of equity will not relieve a party where he has had a plain, speedy and adequate remedy at law, which by his own negligence, he has refused to avail himself of.

4. Where a justice of the peace has obtained jurisdiction of the person of the defendant, his jurisdiction continues until the action is legally disposed of.

5. Under the facts of this case, it was the duty of the justice of the peace to proceed and try the case when the defendant refused to pay the costs of the transcript required for a change of venue.

(Syllabus by the court.)

APPEAL from the District Court of Shoshone County. Honorable Ralph T. Morgan, Judge.

Action to restrain the defendant from selling certain property under execution. Judgment for defendant. Affirmed.

A. E. Mayhew and Henry P. Knight, for Appellant, cite no authorities not cited by the court in the opinion on the points decided.

A. G. Kerns, for Respondent, cites no authorities on the points decided not cited by the court in the opinion.

SULLIVAN, C. J.—This action was brought to restrain the sheriff of Shoshone county from proceeding to sell certain prop-

erty levied upon, under an execution to satisfy judgment rendered in a justice's court against the appellant. The facts of the case are substantially as follows:

On the thirty-first day of October, 1900, the respondent commenced an action in said justice's court to recover a debt claimed to be due from the appellant. A summons was issued and made returnable on the fifth day of November, 1900. On that day both parties to the suit appeared in person and by attorney, and the defendant thereupon filed his motion for a change of venue. Said motion was granted on condition that the appellant pay the fees authorized by statute for a transcript of the docket. Thereupon the appellant promised to pay said fees and the justice of the peace proceeded to make a transcript of his docket, and on the next day notified appellant that he had done so and demanded his fee therefor and payment was refused. The justice informed the attorney for appellant that the transcript was ready and that he would deliver it whenever the costs were paid. The attorney replied that he did not have to pay and would not pay said fees. It appears from the record that there was some other conversation between the justice and the attorney for the appellant in regard to the payment of said fees. The fees remained unpaid until about the eighteenth day of November, when the justice notified the attorney that the case was set for trial on the twenty-second day of November, 1900, and would be tried on that date unless said fees were paid, and the attorney replied that he, the justice, could not try the case because he had lost jurisdiction.

The appellant having refused to pay the costs, the case was tried on the twenty-second day of November, 1900, and judgment was rendered against him. The plaintiff in that case procured a transcript of said judgment and had the same docketed in the district court as provided by law, and had execution issued, and placed the same in the hands of the sheriff who levied the same upon the property of the appellant and was proceeding to sell the same when this action was brought to restrain him from so doing. A temporary injunction was granted and on the trial of the case the injunction was set aside and a judgment of dismissal was entered in favor of respondent, from which judgment this appeal is taken.

The only error assigned is that the court erred in entering judgment in favor of the respondent and against appellant.

Counsel contend that the order granting a change of venue upon payment of costs devested the justice's court of jurisdiction at the very moment the order was made, and cites in support of that contention *Hatch v. Calvin,* 50 Cal. 443; *State ex rel. Glein v. Evans,* 13 Mont. 244, 33 Pac. 1010; Idaho Rev. Stats. 1887, sec. 4643.

In the first case above cited, the order for the change of venue was an absolute one and not a conditional one as in the case at bar. The main point decided in the second case above cited was whether a motion for a change of venue was made in time, and is not a point in this case. Section 4643, Revised Statutes, provides that if an order has been made for a change of venue, the justice ordering the change must immediately transmit the papers to the justice to whom it is transferred "on payment of his costs by the party applying, all papers in the action, together with a certified transcript from his docket of the proceedings therein." That provision does not contemplate that the justice shall transfer the paper until the costs of making the transcript of his docket are paid, and a party cannot procure a change of venue and hang the case up by reason of his refusal to pay the costs of the transcript. It was not intended that a party could make application for a change of venue and when an order was made refuse to pay the costs and thus defeat the trial of the case.

It is next contended that the notice of the justice to the attorney for appellant that he would proceed and try the case on the 22d of November, unless the costs were paid, was not sufficient. We cannot agree with that contention. We think the notice was sufficient even though it was oral.

It is also contended that the docket of the justice does not show that evidence was introduced upon the trial and that the judgment is void for that reason. It is a well-recognized rule that a court of equity will not relieve a party where he has had a plain, speedy and adequate remedy at law, which by his own negligence he has not availed himself of. (*Wilkerson v. Walters,* 1 Idaho, 564; 1 High on Injunctions, secs. 163, 166,

167.) The justice's court obtained jurisdiction of the person of the appellant by service of summons, and having once obtained jurisdiction, his jurisdiction continues until the action was legally disposed of.

The supreme court of Montana, in deciding the case of *Taney v. Volenweider,* 28 Mont. 147, 72 Pac. 415 (which was a case similar to the one at bar), said: "It appears from the record of the justice of the peace court that after defendant Taney appeared in that action, he moved for a change of venue, which was granted upon the condition that he pay the accrued cost as provided by section 1484 of the Code of Civil Procedure. This he refused to do, and the justice proceeded to try the cause and entered judgment against him. It is now urged here that he did so without jurisdiction and that the judgment was, therefore, void. This was doubtless the theory upon which the district court proceeded in this cause in finding for the plaintiff. It would be an anomalous position, indeed, for a party to assume, to say that he moved for a change of venue, and refused to pay the fees required as a condition precedent to the justice's transmitting the papers to another court, and then insist that the court of primary jurisdiction could not act further in the premises. We do not understand that a party by his wrongful act can secure such an advantageous position. Upon the refusal of Taney to pay the accrued costs as required by law, it was the duty of the justice of the peace to proceed with the trial."

We think the above quotation applies, with force, to the facts of the case under consideration. We find no error in the record, and for that reason the judgment of the trial court must be sustained, and it is so ordered. Costs are awarded to the respondent.

Stockslager, J., and Ailshie, J., concur.