HASSAN, APPELLANT, *v.* EARLL, RESPONDENT.

(No. 4,557.)

(Submitted October 29, 1921. Decided November 28, 1921.)

[202 Pac. 581.]

*Criminal Law—Bail—Nature of Undertaking—Abandonment of Charge—Forfeiture—Void Judgment.*

Cash Bail — Justice Courts — Preliminary Examination — Nature of Undertaking.
1. By a deposit of cash by one accused of crime, in lieu of bail, with a justice of the peace, to assure his appearance at a preliminary examination, the accused enters into a contract with the state which, in legal effect, impliedly contains all of the terms of a bail bond if given for the same purpose, the gist of the contract in either case being that he will appear in the justice court at a specified time, and not in any other court, nor in the justice court at any other time than that specified.

Same—What Equivalent to Dismissal of Charge.
2. Where a justice of the peace failed to hold a preliminary hearing for appearance at which one accused of crime had made a cash deposit, and the county attorney subsequently filed an information in the district court against accused for the same offense, the result was an abandonment of the proceedings in the justice court equivalent to a dismissal of the charge by the state, entitling accused to a return of the deposit.

Same—Jurisdiction—Forfeiture of Bail—When Judgment a Nullity.
3. Upon the filing of an information charging larceny a bench warrant was issued and accused ordered admitted to bail in the sum of $1,000. The warrant was not served, the accused not arrested and the bail not furnished. Accused under a charge for the same offense had furnished cash bail in the same amount in a justice court under the circumstances above. The district court rendered judgment declaring accused's bail bond forfeited, and the justice delivered the money in his hands to the clerk of the district court who applied it to the satisfaction of the judgment. *Held,* in an action against the justice to recover the cash bail, that the district court never having acquired jurisdiction over accused and, the latter never having furnished bail in that court, the judgment was a nullity, and that plaintiff was entitled to recover.

*Appeals from District Court, Cascade County; John J. Greene, Judge*

ACTION by Abram Hassan against John T. Earll, Sr. From a judgment of dismissal and an order denying a new trial, plaintiff appeals. Reversed and remanded, with directions.

*Mr. W. P. Costello,* for Appellant, submitted a brief and argued the cause orally.

While not specifically so found by the trial judge, the fair deduction from the findings is that the court took the view that even though the money was received by respondent without lawful authority, the appellant may not recover it in this action. Such is clearly not the law, and the judgment should have been for the appellant. The right of the depositor to recover his deposit, unlawfully received by a magistrate, is clearly established. (*Brasfield* v. *Milan,* 127 Tenn. 561, 44 L. R. A. (n. s.) 1150, 155 S. W. 926; *Applegate* v. *Young,* 62 Kan. 100, 61 Pac. 402; *McNamara* v. *Wallace,* 97 App. Div. 76, 89 N. Y. Supp. 591; *State* v. *White,* 40 Wash. 560, 2 L. R. A. (n. s.) 563, 82 Pac. 907; *Doane* v. *Dalrymple,* 79 N. J. L. 200, 74 Atl. 964; *State* v. *Owens,* 112 Iowa, 403, 84 N. W. 529; *People* v. *Laidlaw,* 102 N. Y. 588, 7 N. E. 910; *Whiteaker* v. *State,* 31 Okl. 65, 119 Pac. 1003; *Commonwealth* v. *Sitler,* 261 Pa. St. 261, 104 Atl. 604.) In fact, there appears to be no case in the books where the right to recover such a deposit has been questioned. In the cases of *Cooper* v. *Rivers,* 95 Miss. 423, 48 South. 1024; *Columbus* v. *Dunnick,* 41 Ohio St. 602; *State* v. *Reiss,* 12 La. Ann. 166, and *Smart* v. *Cason,* 50 Ill. 195, while a recovery was denied, the decision in each case was based on an exception to the general rule, and on peculiar statutes. In all of these cases, common-law bail was either expressly or by fair inference recognized. In our state it is well settled that common-law bail does not exist. (*State* v. *Lagoni,* 30 Mont. 472, 477, 76 Pac. 1044.) In some of these cases relief was denied because of a special bail statute peculiar to those states, but all of the cases are distinguishable from the case at bar for the reason that in each of these cases there was an agreement by the defendant to appear—a pact—and a violation thereof by the defendant, and fraud or bad faith, or both, were deciding elements, and a criminal charge was pending against the

accused, which he failed to meet. No such conditions obtained in the case at bar.

*Messrs. Cooper, Stephenson & Hoover,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 25, 1918, the county attorney of Cascade county filed with John T. Earll, Sr., justice of the peace at Great Falls, a complaint, charging Abram Hassan with the commission of a felony. On the same day a warrant was issued and served, the accused brought into court and arraigned, his plea of not guilty entered, and he was thereupon released from custody upon depositing with the justice of the peace $1,000 in lieu of bail. Hassan did not waive a preliminary examination, nothing was said about such examination, and no time was fixed for his appearance in court again; in fact, nothing further was ever done or contemplated by the officers to be done in the matter, in the justice of the peace court.

On January 4, 1919, permission was obtained by the county attorney to file an information in the district court, charging Hassan with grand larceny. The order provided also that a bench-warrant should issue for the arrest of the accused, and that he be admitted to bail in the sum of $1,000. The information was filed, and described the same offense as that with which the accused was charged in the justice of the peace court. So far as disclosed by the record, the bench-warrant was never issued, the accused was never arrested, and never appeared in the district court.

On January 13, the district court made an order that Hassan appear for arraignment on January 18, but there is nothing to indicate that this order was ever served or otherwise brought to the knowledge of the accused. On January 18 counsel representing Hassan secured an extension of the time for his appearance to January 23, and on the latter day

secured a further extension to January 27. On February 5 the district court declared Hassan's bail bond forfeited, and rendered and had entered a judgment in favor of the state and against him for $1,000.

On February 28, Earll, the justice of the peace, delivered to the clerk of the district court the $1,000 which Hassan had deposited in the justice of the peace court in lieu of bail, and on the same day the clerk applied the money in satisfaction of the judgment rendered upon the forfeiture of bail. On March 4, Hassan commenced this action against the justice of the peace to recover the $1,000. Issues were joined, and the cause tried, resulting in findings in favor of the defendant and a judgment dismissing the complaint. From that judgment and from an order denying him a new trial, plaintiff appealed.

After making specific finding upon the proceedings taken in the justice of the peace court, and ignoring entirely the proceedings had in the district court in the criminal case, the court, in this case, declared: "That said criminal proceeding was at the time of the filing of the complaint herein, and still is, pending before the defendant magistrate, John T. Earll, Sr., and that said one thousand dollars ($1,000) voluntarily deposited in lieu of bail by the plaintiff, Abram Hassan, with the defendant magistrate, has never been discharged or released." The propriety of that conclusion determines the correctness of the judgment. In the foregoing statement every disputed question of fact is resolved in favor of the defendant, and the testimony, on the whole, is construed in the light most favorable to him, upon the theory that every reasonable presumption will be indulged in favor of the trial court's position.

Since the proceeding in the justice of the peace court in-
[1] volved a felony, the authority of the justice of the peace was limited to holding a preliminary examination and taking such steps as were necessary or incidental thereto. (Sec. 8934, Rev. Codes.) Incidentally the justice of the peace

was authorized to continue the examination from time to time within the limits prescribed by law, and to admit the accused to bail or accept cash in lieu of bail "for his appearance at the time to which the examination is postponed." (Sec. 9080.) In any proper case where a deposit of cash may be accepted in lieu of bail, the accused by making such deposit enters into a contract with the state, which contract, in legal effect, contains all of the terms which would be included in a bail bond given for the same purpose. (*State ex rel. Gleim v. Evans,* 13 Mont. 239, 33 Pac. 1010.)

Bail may be required under different circumstances, and [2] the terms of the bond to be exacted in any particular instance depend upon the purpose for which the bond is given. Illustrative cases are referred to in sections 9448, 9456 and 9480, Revised Codes. No form of bail bond is prescribed where the accused is released pending the hearing on a preliminary examination, but section 9080 above does prescribe that the bond is executed as security for his appearance at the time to which the examination is postponed. That the accused will appear in such court and at such time constitutes the gist of his contract, whether it is evidenced by a written undertaking or its terms are implied from the fact that he deposits money in lieu of bail. He does not agree to appear in any other court, or in the designated court at any other time than that specified. (*State* v. *Dorr,* 59 W. Va. 188, 115 Am. St. Rep. 915, 8 Ann. Cas. 1016, 5 L. R. A. (n. s.) 402, 53 S. E. 120.)

It would appear self-evidence that the deposit in this instance did not constitute lawful bail, since the accused was not re-[3] quired to appear at any time or place (1 Bishop's New Criminal Procedure, sec. 240b) ; but, assuming that it did constitute valid bail in the first instance, we are of the opinion that the failure of the justice of the peace to hold a preliminary examination and his failure to take any steps looking to that end, coupled with the act of the county attorney in filing an information against the accused in the district court for

the same offense, constituted an abandonment of the proceedings in the justice of the peace court equivalent to a dismissal of that proceeding by the state. The result was an exoneration of the bail which entitled the accused to a return of the money deposited by him. (Section 9533, Rev. Codes.) No decided case directly in point has been called to our attention, but each of the following cases has some measure of relevancy to the question presented. (*State* v. *Lagoni*, 30 Mont. 472, 76 Pac. 1044; *United States* v. *Backland* (C. C.), 33 Fed. 156; *Hall* v. *Commonwealth* (Ky.), 30 S. W. 877; *Belt* v. *Spaulding*, 17 Or. 130, 20 Pac. 827.)

The theory adopted by the trial court would lead to the conclusion that a justice of the peace may accept cash in lieu of bail, refuse or neglect to proceed further, and retain the money indefinitely, but such a conclusion does not recommend itself or conform to any well-recognized theory of orderly administration of justice.

So far as the proceedings taken in the district court in the criminal case are concerned, it is sufficient to say that the court never acquired jurisdiction over the person of the accused, never admitted him to bail, and since the accused did not give bail in that court, or for his appearance in that court, the order declaring his bail bond forfeited was a nullity, to say the least of it.

The judgment and order are reversed and the cause is remanded to the district court, with directions to enter judgment in favor of the plaintiff according to the prayer of his complaint.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.