STATE, RESPONDENT, *v.* BENSON, APPELLANT.

(No. 6,914.)

(Submitted November 2, 1931. Decided December 2, 1931.)

[5 Pac. (2d) 1045.]

*Mr. W. B. Sands* and *Mr. C. R. Stranahan,* for Appellant, submitted a brief.

*Mr. L. A. Foot,* Attorney General, *Mr. T. H. MacDonald, Mr. C. N. Davidson,* Assistant Attorneys General, and *Mr. Harry L. Burns,* County Attorney of Blaine County, for the State, submitted a brief; *Mr. MacDonald* and *Mr. Burns* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

Defendant was charged with maliciously injuring personal property not his own, of the value of $20—a misdemeanor. (Sec. 11474, Rev. Codes 1921.) The complaint was originally filed before John Griffin, a justice of the peace at Chinook, Blaine county. Defendant appeared and entered a plea of not

guilty and thereafter filed a disqualifying affidavit against Griffin, and the case was transferred to the justice's court at Turner. Defendant appeared in that court and objected to the jurisdiction of the court, and the justice ordered the case and all files returned to justice of the peace Griffin. The case was then transferred by Griffin to the justice's court of H. D. Hiebert. No docket entry was made of the order of transfer. Upon the trial counsel objected to the jurisdiction of the court "on the ground that no sufficient complaint had been filed and that the justice before whom the complaint had been filed and who transferred the case to this court, had no jurisdiction at the time of making the order of transfer, and that the party before whom the complaint was filed was not a qualified justice of the peace then or since." The objection was overruled. Defendant was found guilty and judgment was entered, from which he appealed to the district court.

The objections raised in the justice's court were not urged in the district court and are not argued here. When the cause came on for trial in the district court, counsel objected to the jurisdiction of the court upon the ground, among others, that the docket of justice of the peace Griffin did not show that an order transferring the case to the justice's court of Hiebert was made and entered. The objection was overruled and after trial defendant was found guilty. Judgment was duly entered and this appeal followed.

It is contended that since the docket of the justice's court in which the complaint was filed does not show that an order of transfer was made and entered, the justice's court to which the case was transferred and in which it was tried was without jurisdiction; that the district court had no greater jurisdiction than the justice's court, and in consequence the judgment of the district court must be reversed.

On appeal from a justice's court the cause must be tried anew in the district court on the papers and files in the justice's court, unless the court allows other or amended pleadings, and each party has the benefit of all legal objections made in the justice's court. (Sec. 9755, Rev. Codes 1921.) The

district court does not sit as a court of review, but tries the cause *de novo.* (*State ex rel. Gleim* v. *Evans,* 13 Mont. 239, 33 Pac. 1010; *State ex rel. Seres* v. *District Court,* 19 Mont. 501, 48 Pac. 1104; *State* v. *O'Brien,* 35 Mont. 482, 10 Ann. Cas. 1006, 90 Pac. 514; *In re Graye,* 36 Mont. 394, 93 Pac. 266, 268.)

Here, defendant appeared before justice of the peace Hiebert ▮ and objected to the jurisdiction of the court, not upon the ground that no order of transfer had been made and entered in the docket, but upon other grounds, and in our opinion the objection now relied upon was waived and could not be raised in the district court. When defendant appeared before justice of the peace Hiebert, without raising this objection, he submitted to the jurisdiction of the court and gave the court jurisdiction over his person, notwithstanding the irregularities in the transfer (*In re Graye,* supra), and the law gave it jurisdiction of the cause (sec. 11630, Rev. Codes 1921) and authorized it to hear and determine the guilt or innocence of defendant. Also, by appealing to the district court—an application for a trial *de novo*—the defendant barred himself from insisting that irregularities to which he made no objection in the justice's court shall be taken note of, or the judgment, which is abrogated by appeal, be reversed on account of them.

"What was the effect of the appeal to the district court? ▮ The statute, as already pointed out (Pen. Code, sec. 2717 [Codes of 1895]), requires the district court upon appeal to try the cause *de novo,* that is, just as if the cause had originated in that court, its jurisdiction being dependent, of course, upon the jurisdiction of the justice's court of the subject matter and of the parties. It does not sit as a court of review for the correction of errors, but to give the defendant a new trial upon the merits. While it may dismiss a cause on the ground that it has no jurisdiction of the subject matter, just as the justice should have done, if the action was properly instituted in the first place, the appeal clothes that court with the power to proceed, no matter what irregularities may have attended the trial in the justice's court. (*State* v. *O'Brien,* 35 Mont. 482, 90 Pac. 514 [10 Ann. Cas. 1006].)

\* \* \* A party may not, under the guise of an application for a trial *de novo,* insist that irregularities, to which he made no objection, shall be taken note of, or that the judgment, which is abrogated by the appeal, be reversed on account of them." (*In re Graye,* supra.) The principles announced in that case are applicable here and fully answer the objection raised by defendant.

It is contended that the testimony does not show that the acts of defendant were done maliciously, and for that reason the judgment cannot stand.

Every person who maliciously injures or destroys any real or personal property not his own, of the value of less than $50, is guilty of a misdemeanor. (Sec. 11474, Rev. Codes 1921.) "The words 'malice' and 'maliciously' import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." (Sec. 10713, subd. 4, Id.) In its broadest sense the word "malicious" has been said to be synonymous "with criminal intention and applies to the state of mind of the person who does a wrongful act intentionally or wilfully, and without legal justification or excuse." (16 C. J. 79.) Whether an act is done maliciously presents a question which is often difficult of solution, for seldom is there direct evidence of malice. The existence or nonexistence of malice may be arrived at through inference to be drawn from all of the facts and circumstances in the case. The state of the mind—the process of reasoning—is to anyone, outside of the individual himself, manifest by the acts done or performed. In this case the jury was entitled to infer what defendant's intention was, by a study of all the facts and circumstances surrounding the acts done and to determine from them whether he acted with malice. After a careful study of the record we cannot say that the jury was not justified in the conclusion it reached.

For the reasons given the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.