STATE, Respondent, vs. ROSENBERG and others, Appellants.

*October 11—November 5, 1935.*

For the appellants there was a brief by *Joseph A. Padway* and *A. W. Richter,* both of Milwaukee, and oral argument by *Mr. Richter.*

For the respondent there was a brief by *William A. Zabel,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Clark J. A. Hazelwood,* assistant corporation counsel, and oral argument by *Mr. Hazelwood.*

NELSON, J.   In the complaint herein it is alleged that the defendant Isaac J. Rosenberg was, on May 13, 1933, duly convicted by the municipal court of Milwaukee county of the crimes of making false bank statements, contrary to the provisions of sec. 221.17, Stats., and sentenced to the Wisconsin state prison; that the said Rosenberg thereafter sued out a writ of error to this court, and, upon the certificate of its Chief Justice and the filing of a bail bond, the execution of said sentence was stayed pending the determination of said appeal; that this court affirmed said judgment of conviction; that the said Rosenberg moved for a rehearing, and, upon the certificate of one of the Justices of this court and the filing of a bail bond, a further stay was granted, pending the decision of said motion; that thereafter this court denied said motion and remitted the record in said action to the municipal court of Milwaukee county; that, upon the return of the record to said court, it issued a commitment and delivered it to the sheriff of Milwaukee county; that theretofore on September 15, 1933, there was made, executed, and delivered to the plaintiff, and filed in the record of said criminal action, said record being at that time in the hands of the clerk of this court, a recognizance or bail bond in the sum of $20,000, which was duly signed by the defendant Rosenberg, as principal, and the defendants, Louis Rosenberg and Benjamin Rogatz, as sureties, copy of which is annexed to the complaint and made a part thereof; that, upon the *remittitur* reaching the said municipal court and upon the issuance of the writ of commitment mentioned, and the failure of the said Isaac J. Rosenberg to abide the final judgment by submitting his body to the sheriff of Milwaukee

county for commitment to the Wisconsin state prison in accordance with the sentence of said municipal court, the said court on October 9, 1933, after the defendant Rosenberg had failed to appear and the defendants, Louis Rosenberg and Benjamin Rogatz, as sureties, had been called upon in open court to produce their principal, and after each of said sureties had failed to produce him or to give proper excuse for his nonappearance, or otherwise to exonerate themselves, did declare said recognizance forfeited and record said default; and that the said defendants had ever since failed and neglected to pay the amount of the penalty of said recognizance or in any way to exonerate themselves therefrom. The complaint demanded judgment in the sum of $20,000. The recognizance annexed to the complaint was conditioned as follows:

"Now, therefore, if the said Isaac J. Rosenberg shall appear in said supreme court for the United States and prosecute said petition for further relief in accordance with the rules of said court, and abide the final judgment herein, and in the meantime keep the peace and be of good behavior, then this recognizance to be void, otherwise to be in full force and effect."

The defendant demurred to the complaint. Thereafter the plaintiff served notice that it would, on December 30, 1933, at 9 o'clock a. m., or as soon thereafter as counsel could be heard, in the calendar branch of the circuit court for Milwaukee county, or in any branch of said court to which its motion might be assigned, move to overrule the demurrer. Thereafter the matter came on for hearing before the Hon. JOHN C. KLECZKA, circuit judge. The plaintiff then orally moved that the matter be transferred to Branch No. 5 of said court, presided over by the Hon. GUSTAVE G. GEHRZ, who had theretofore presided as municipal judge at the trial of the original action against Rosenberg. That motion was granted, and it was ordered

that all proceedings, including the demurrer in this action, be transferred to Branch No. 5. Upon the transfer of said proceedings and upon .the affidavit of Clark J. A. Hazelwood, assistant corporation counsel of Milwaukee, the defendants were ordered to show cause why their demurrers should not be. overruled, and why judgment for the full amount demanded in the complaint should not be entered in favor of the plaintiff. Affidavits of prejudice were thereupon filed against Judge GEHRZ, who, notwithstanding the filing of said affidavits, refused to change the venue of said action or to call in another judge to try the same. Thereafter the said court overruled the defendants' demurrer, without leave to plead over.

The defendants contend that the courts erred, (1) in transferring the action from that branch of the circuit court for Milwaukee county presided over by the Hon. JOHN C. KLECZKA, to that branch presided over by the Hon. GUSTAVE G. GEHRZ; (2) in proceeding to hear and determine the issues of law raised by the demurrer; (3) in overruling the demurrer; and (4) in failing to give the defendants leave to plead over.

In the view we take of this controversy, only the third assignment of error need be considered.

In our opinion the demurrer should have been sustained. From the allegations of the complaint it appears that on September 15, 1933, the defendants Isaac J. Rosenberg, as principal, and Louis Rosenberg and Benjamin Rogatz, as sureties, filed in this court, not in the municipal court of Milwaukee county, a bail bond or recognizance in which it was, among other things, recited:

"Whereas, the said Isaac J. Rosenberg, desires to apply to the supreme court of the United States for further relief, and ·

"Whereas, this court has ordered all further proceedings herein stayed until September 15, 1935, *and until the further order of the court,* and the plaintiff in error admitted to bail

pending such further order, upon filing a penal bond in the sum of twenty thousand dollars ($20,000), to be approved by the district attorney of Milwaukee county, Wisconsin :"—and which was conditioned as hereinbefore stated.

Nowhere is it alleged in the complaint that any default of Isaac J. Rosenberg under the bond was recorded in this court prior to the commencement of this action. Until Rosenberg's default was brought to the attention of this court, so that it might determine whether he was in fact in default under the bond given to and filed in this court and whether his default should be recorded by this court (sec. 361.30, Stats.), no action to recover the penalty could properly be brought. The municipal court of Milwaukee county had no authority to record a default under that bond, and its action in so doing was absolutely void. In alleging that Rosenberg's default was recorded by the municipal court, rather than by this court (the only court having authority to record a default under that bond), the complaint was fatally defective.

Seldom have the courts been called upon to determine whether a bond or recognizance, given and returned to a certain court, may be forfeited, or a default thereunder recorded, by another court. That reason seems obvious. Seldom has any court assumed so to act. Whenever such controversies have arisen it has always been held that the forfeiting of a bail bond or recognizance is a matter exclusively for the consideration of the court to which the recognizance or bail bond was given. *The King v. Tombs,* 10 Mod. 278; *People v. Devlin,* 7 Daly (N. Y.), 47, 49; *Hassan v. Earll,* 61 Mont. 389, 202 Pac. 581. Since the municipal court of Milwaukee county was wholly without authority to record a default under a bond given to this court, it must be held that the complaint does not state a cause of action, and the demurrer of the defendant should have been sustained.

Because the circuit court misconstrued secs. 361.30 and 361.32, Stats., we deem it advisable at this time to construe those sections, to the end that hereafter there may be no misunderstanding as to the procedure to be followed in forfeiting recognizances and in bringing actions to collect the penalties thereof. In its decision on the demurrer the court said:

"It is considered that by the municipal court order of October 9, 1933 'the penalty of' the recognizance in suit was effectively 'adjudged forfeited' within the purview of sec. 361.32, Stats. Notwithstanding that fact and the bringing of the instant action, the defendants have made no application for the remission of any part of such penalty as provided in said sec. 361.32."

It is clear from that statement that the court was of the opinion that, when the municipal court of Milwaukee county recorded Rosenberg's default, the penalty of the recognizance was "effectively adjudged forfeited" and the defendants concluded thereby. Secs. 361.30 and 361.32, are as follows:

"361.30 *Forfeiture of recognizance.* When any person under recognizance in any criminal prosecution, either to appear and answer or to prosecute an appeal or to testify in any court, shall fail to perform the condition of such recognizance *his default shall be recorded* and an action shall be commenced against the person bound by the recognizance or such of them as the prosecuting officer shall direct."

"361.32 *Remission of penalty.* When any action is brought in the name of the state of Wisconsin against a principal or surety in any recognizance entered into either by a party or a witness in any criminal prosecution and *the penalty of such recognizance shall be adjudged forfeited* the court may, on application of any party defendant, remit any part or the whole of such penalty, and may render judgment thereon for the state according to the circumstances of the case and the situation of the party and upon such terms and conditions as to such court shall seem just and reasonable."

Under our statutes there is no distinction between a bail bond and a recognizance. Secs. 361.18, 361.19, 361.20, and

361.29. It is clear that the legislature in enacting sections 361.30 and 361.32 intended to provide a new and exclusive procedure for forfeiting recognizances in criminal prosecutions, and to set up a complete statutory substitute for the old common-law procedure in which the writ of *scire facias* was generally employed. 56 C. J. p. 869, § 5. The use of that writ was abolished in this state and the ordinary civil action substituted therefor. Sec. 294.01. It is clear that under sec. 361.30, when any person under recognizance in any criminal prosecution, either to appear and answer or to prosecute an appeal, shall fail to perform the conditions of such recognizance, his default should be recorded by the court to which the recognizance was given. That obviously does not mean that the record so made shall have the effect of a summary judgment against the defaulting principal and his sureties. That section specifically provides that "an action shall be commenced against the person bound by the recognizance or such of them as the prosecuting officer shall direct." Sec. 361.32 provides that, when any action is brought and the penalty of such recognizance shall be *adjudged forfeited,* the court may then consider the application of the defendants to remit the penalty or some part thereof. It is clear that the legislature did not intend that the language "his default shall be recorded" should have the same meaning as "the penalty of such recognizance shall be adjudged forfeited." Obviously, the default should be recorded by the court to which the recognizance has been given, while any other proper court in which an action to recover the penalty is brought may adjudge the penalty of such recognizance forfeited.

If, as is contended by the state of Wisconsin, the recording of the default has the force and effect of a judgment which conclusively binds a defendant and his sureties, it would indeed be quite unnecessary to bring an action for the purpose of having the penalty of such recognizance adjudged

forfeited. It is clear that the legislature did not intend that the recording of the default of the person bound should have the effect of a judgment against either him or his sureties. The recording of a default by the proper court is of course necessary before an action to recover the penalty of the recognizance may be brought, but such recording is not conclusive as to the liability of either the principal or the sureties. An action must be brought to determine that liability, and in any such action all lawful and proper defenses to the action may be interposed. No one could reasonably assert that sureties in such an action would not be permitted to prove that the defendant had died prior to the recording of the default, nor could any one reasonably contend that such proof would not amount to a complete defense to such an action. As before stated, if the recording of the default amounts to an adjudication of liability, there would be no occasion for the bringing of an action to determine liability. Under the procedure outlined in sec. 361.32, it is only after the penalty of a recognizance has been "adjudged forfeited" that the defendants in such action may make application to the court to remit any part or the whole of such penalty. Only after the penalty of the bond has been adjudged forfeited may the court render judgment for the state according to the circumstances of the case, the situation of the party, and upon such terms and conditions as to the court shall seem just and reasonable. The procedure is plain and should be followed.

*By the Court.*—Order reversed, with directions to sustain the defendants' demurrer.