El Pueblo de Puerto Rico, demandante y apelado, *v.* Francisco Sánchez, acusado y apelante.

Núm. 8096.—*Sometido:* Noviembre 26, 1940. *Resuelto:* Diciembre 10, 1940.

*Adolfo García Veve,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Francisco Sánchez fué acusado por el Fiscal del Distrito de San Juan como autor de un delito subsiguiente de mutilación por haber, en marzo de 1938 y en Loíza, "ilegal; voluntariamente y con intención criminal" acometido y agredido a Santiago Guzmán con un instrumento cortante, infiriéndole una herida de carácter grave que sajó su oreja derecha y lo dejó desfigurado permanentemente, habiendo sido el acusado sentenciado en veinte de septiembre de 1933 como autor de otro delito de mutilación y cumplido la condena.

El Jurado al rendir su veredicto después de recibir las debidas instrucciones, declaró culpable al acusado de un delito de acometimiento y agresión con circunstancias agravantes. El convicto pidió un nuevo juicio. La corte negó su petición y dictó sentencia imponiéndole diez meses de cárcel. Apeló, y celebrada la vista del recurso esta Corte Suprema por sentencia *per curiam* de julio 19, 1940, confirmó la de la corte inferior.

Insistió el acusado en su criterio y pidió reconsideración, señalándose el 20 de noviembre último para oír a las partes sobre la moción. Ambas concurrieron y expusieron sus argumentos en pro y en contra de lo pedido.

Tres errores señaló en su alegato original el apelante para pedir la revocación de la sentencia, a saber: que la acusación no imputaba un delito público "por cuanto en ella no se alega que el acusado actuara 'maliciosamente', elemento esencialísimo del delito de mutilación", porque la corte erró al declarar sin lugar la moción de nuevo juicio y porque

erró también al permitir al fiscal que impugnara con la declaración de Santiago Guzmán la de su propio testigo Mateo Pérez.

Sobre los dos últimos errores nada hay que agregar a lo consignado en la sentencia de julio 19, 1940, para negarse a reconsiderarla. El énfasis para solicitar la reconsideración se ha puesto en el primero.

Ya dijimos que se imputó al acusado apelante un delito de mutilación. Se sostiene que para que una acusación por ese delito sea válida debe contener la palabra "maliciosamente" y como la aquí formulada no la contiene, no puede servir de base al proceso.

Como fundamento de su contención cita el apelante el artículo 212 del Código Penal que define el delito así:

"Toda persona que ilegal y maliciosamente privare a algún ser humano de un miembro de su cuerpo, o lo mutilare, desfigurare o inutilizare, o le cortare o mutilare la lengua, sacare un ojo, sajare la nariz, oreja o labio, será reo del delito de mutilación."

También las decisiones de esta corte en los casos de *El Pueblo* v. *Dumas*, 14 D.P.R. 397 y *El Pueblo* v. *Llauger*, 14 D.P.R. 548, en los cuales se expresó esta corte, en lo pertinente, como sigue:

"La diferencia entre uno y otro delito consiste en que la muerte en el delito de asesinato se causa con malicia premeditada o con malicia y premeditación, y en el delito de homicidio, sin malicia. No consiste la diferencia en que en el asesinato haya intención premeditada y en el homicidio falta de intención. Los conceptos malicia e intención son enteramente distintos. Puede un delito cometerse sin malicia, pero nunca sin intención. Si faltara la intención faltaría uno de los elementos integrantes y esenciales de todo delito, pues donde falta la intención, no puede haber delincuencia."

"No define nuestro Código lo que se entiende por intención, sin duda porque al definirlo hubiera obscurecido el concepto claro que envuelve esa palabra, tanto en la lengua inglesa como en la española. Pero sí definió el concepto que entrañan las palabras 'malicia,' 'maliciosamente,' en su artículo 559, número 4:

" 'Las palabras "malicia," "maliciosamente," denotan la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa. La esciente infracción de la ley en perjuicio de otro.'

"De esa definición no se deduce que las palabras malicia, maliciosamente, sean sinónimas de las de intención o intencionalmente, sino que, además, entrañan el concepto de obrar conscientemente, sin justa causa o excusa. . . . .

"La misma Corte Suprema de California establece la doctrina que dejamos expuesta, en el caso *The People* v. *Bartlett,* 48 Cal. 437.

" 'Si la muerte causada a una persona por otra, constituye asesinato o simplemente homicidio, no depende de la existencia o falta de la intención de matar. En cualquiera de estos casos, puede existir la intención de matar en el momento de cometerse el hecho. Pero cuando el golpe mortal es inferido al calor de la cólera excitada por una disputa repentina, y de suficiente carácter para constituir una provocación adecuada, la ley, en su clemencia motivada por la debilidad de la naturaleza humana, hará caso omiso de la verdadera intención, y reducirá el delito a homicidio. En semejante caso, aunque la intención de matar existe, no es aquella intención deliberada y maliciosa que es elemento esencial del delito de asesinato.' " *El Pueblo* v. *Dumas,* 14 D.P.R. 397, 402, 403.

"La diferencia entre el delito de asesinato y el de homicidio, está bien definida, tanto en los libros de texto y las decisiones de los tribunales, como en nuestros estatutos.

"Ambos delitos consisten en dar muerte ilegal a un ser humano; el delito de asesinato se comete 'con malicia y premeditación,' y el de homicidio, 'sin que medie malicia.' La intención de realizar el acto prohibido, debe existir en ambos casos; porque sin la intención criminal no puede haber delito. Código Penal, artículo 11. Es la existencia de malicia, por una parte, y la ausencia de ella, por otra, en el acto de matar, la que coloca el delito en una u otra de dichas categorías." *El Pueblo* v. *Llauger,* 14 D.P.R. 548, 556, 557.

La acusación en este caso en efecto no contiene la palabra "maliciosamente" que usa el estatuto. Alega que el acto se realizó "ilegal, voluntariamente y con intención criminal" y la cuestión a considerar es si esta corte estuvo o no acertada al fundar su sentencia de julio 19, 1940, en lo que respecta a ese extremo esencial, en el siguiente

"Por cuanto las palabras empleadas en la acusación 'con intención criminal', equivalen sustancialmente a las palabras 'con malicia' o a la palabra 'maliciosamente'; y en todo caso, el acusado· no fué convicto del delito de mutilación imputádole en la acusación, sino del delito de acometimiento y agresión grave definido en las secciones 1 y 6 de la Ley de marzo 10, 1904, '. . . para determinar y castigar . . . acometimiento y agresión con circunstancias agravantes . . .' (Código Penal, ed. 1937, pág. 155)."

La buena práctica por parte del fiscal hubiera sido usar las palabras del estatuto. Se supone que estos funcionarios no sólo tienen el conocimiento general de la ley que implica su condición de abogados, si que deben ser expertos en su rama criminal, y siendo ello así ¿a qué sustituir la palabra "maliciosamente" "por voluntariamente y con intención criminal", creando con ello una indebida complicación? La falta de cuidado en los comienzos de un proceso pone en peligro resoluciones ulteriores perfectamente justas y a veces hace que los tribunales de apelación por sostener la justicia de dichas resoluciones, sienten jurisprudencia vaga o confusa, contradictoria.

En su informe el fiscal de esta Corte Suprema sostiene "que la frase 'con intención criminal' es equivalente a 'maliciosamente' ", citando en apoyo de su contención el caso de *State* v. *Benson,* 5 P. (2d) 1045.

La opinión en dicho caso emitida por el Juez Ford de la Corte Suprema de Montana comienza:

"Se imputó al acusado el haber maliciosamente dañado propiedad mueble que no era de su pertenencia, valorada en $20—un delito menos grave (*misdemeanor*)."

Luego dice:

"Toda persona que maliciosamente dañare o destruyere bienes muebles o inmuebles ajenos de un valor menor de $50 incurrirá en 'misdemeanor.' Artículo 11474, Códigos Revisados de 1921. 'Las palabras "malicia" y "maliciosamente" envuelven un deseo de vejar, molestar o dañar a otra persona, o una intención de cometer un acto ilegal, establecido por medio de prueba o por presunción de

ley.' Artículo 10713, inciso 4, id. En su más amplio sentido, la palabra 'maliciosamente' ha sido interpretada como sinónima de 'con intención criminal y se aplica al estado mental de la persona que comete un acto ilegal intencional o voluntariamente y sin justificación o excusa legal.' 16 C. J. 79. Determinar si un acto se ha cometido maliciosamente presenta una cuestión que frecuentemente resulta difícil de resolver, ya que pocas veces existe evidencia directa de malicia. La existencia o no existencia de malicia es una conclusión a la cual puede llegarse por medio de inferencias a ser deducidas de todos los hechos y circunstancias del caso. El estado mental—el proceso de razonamiento—se halla, para cualquier persona que no sea el individuo mismo, manifiesto en los actos cometidos. En este caso el jurado tenía derecho a inferir cuál era la intención del acusado del estudio de todos los hechos y circunstancias que rodeaban los actos realizados y a determinar por los mismos si él actuó con malicia. Después de un estudio cuidadoso de los autos no podemos decir que el jurado no estuviera justificado en la conclusión a que llegó.''

Como puede verse en la acusación que sirvió de base al proceso en el caso de Montana, el fiscal siguió la ley y usó la palabra maliciosamente empleada en el estatuto para definir el delito.

Yendo al texto de Corpus Juris, encontramos que dice:

''La expresión 'malicia', según se usa con referencia a ciertos delitos, tiene un significado peculiar, como en el caso de incendio malicioso, asesinato, daños maliciosos, etc. Aun en este respecto, sin embargo, la expresión no se emplea en su acepción popular u ordinaria en el sentido de demostrar perversidad o mala voluntad hacia determinado individuo. En su más amplio sentido legal, el concepto es sinónimo de intención criminal y se aplica al estado mental de una persona que realiza un acto ilegal intencional o voluntariamente y sin justificación o excusa legal. El concepto 'malicia' es más general en su significado que 'voluntariamente' (willfulness) pero implica 'voluntariamente.' '' 16 C. J. 79.

Muchos casos se anotan al pie del texto. Hemos examinado algunos y en ellos la imputación se hizo como perpetrada con malicia o maliciosamente.

Al fijar la propia obra—Corpus Juris—la naturaleza y los elementos integrantes del delito de mutilación—mayhem—

refiriéndose a la intención, la malicia y la premeditación en general, dice:

"En el derecho común el acto, para constituir mutilación debe haber sido realizado con malicia, y bajo el *Coventry Act* el hecho debe haberse realizado con malicia premeditada y con una intención deliberada y premeditada de causar daños de la índole descrita; pero no se requiere que la intención maliciosa haya sido dirigida contra ninguna persona específica, y aunque el estatuto proveía contra determinados actos 'con intención de mutilar o desfigurar', sin embargo si la intención era más grave como por ejemplo de dar muerte, y en el atentado el ofensor no mataba pero mutilaba, entonces era un delito comprendido en el estatuto. Se han aprobado estatutos en este país dirigidos contra actos cometidos ilegalmente, maliciosamente, voluntariamente, intencionalmente, a propósito y con malicia premeditada; y estos elementos deben estar presentes para que el acto imputado pueda constituir el delito; pero esto es generalmente todo lo que es necesario, y a menos que así se provea específicamente, ni la intención específica de cometer el acto ilegal imputado ni la intención específica de dañar determinada parte del cuerpo es necesaria. Así, cuando el delito lo constituye simplemente el ilegalmente privar de un miembro, etc., la intención específica de mutilar no es necesaria y una regla similar se aplica bajo un estatuto que provee un castigo por mutilación infligida bajo tales circunstancias que habrían trocado el delito en asesinato u homicidio de haber ocurrido la muerte. Pero bajo el estatuto en algunas jurisdicciones, una intención específica de mutilar, desfigurar o inutilizar es un elemento esencial del delito. Cuando la malicia es un elemento del delito, se ha sostenido que ésta puede surgir bien con anterioridad a o al tiempo de realizarse el acto." 40 C. J. 3, 4.

Conocemos nuestro estatuto. No exige la intención específica de mutilar (*El Pueblo* v. *Pizarro*, 21 D.P.R. 17), pero sí la malicia.

Esa malicia no es necesario que sea la que conlleva siempre el odio, la venganza, la mala voluntad, si que la legal que nuestra ley define como sigue:

"Las palabras 'malicia', 'maliciosamente', denotan la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa—la esciente infracción de la ley en perjuicio de otro." Art. 559, núm. 4, del Código Penal.

La cuestión levantada resulta, pues, de dudosa solución y como no precisa decidirla finalmente, a los efectos de no complicar la jurisprudencia preferimos dejarla meramente apuntada. Eso no obstante nos parece oportuno expresar que interpretada la ley y la jurisprudencia estrictamente y dándose énfasis a la pureza del procedimiento, sería necesario resolver que no se imputa debidamente el delito cuando se deja de usar la palabra "maliciosamente", debiendo seguir los fiscales la interpretación estricta que es la más sencilla y la que constituye el camino más corto y más seguro.

■ Dijimos que no precisa resolver la cuestión y en efecto es así porque en todo caso nuestra sentencia de 19 de julio último se sostiene por el segundo de los fundamentos expresados en su *por cuanto* transcrito.

El apelante fué acusado de mutilación. La cuestión que ahora levanta no la suscitó en la corte inferior. Lo hizo en esta Corte Suprema después que la acusación no tuvo más alcance que el de imputarle la comisión del delito de acometimiento y agresión por el cual fué condenado con el beneficio de haberle proporcionado un juicio por jurado que de otro modo no hubiera estado a su alcance.

*Por ese fundamento debe declararse no haber lugar a la reconsideración solicitada.*