EL PUEBLO, DEMANDANTE Y APELADO, v. PIZARRO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso por mutilación.

No. 689.—Resuelto en junio 17, 1914.

ACUSACIÓN SUFICIENTE—EMPLEO DE LAS PALABRAS DEL ESTATUTO.—Cuando la acusación está redactada de modo que sigue las palabras del estatuto que definen el delito, por regla general esto es bastante para que la acusación sea suficiente, a menos que determinados hechos sean necesarios para constituir un delito.

Id.—Mutilación—Intención Específica.—Como el Código Penal no requiere para que el delito de mutilación se entienda cometido que se pruebe una intención específica, ya que toda persona responde de las consecuencias naturales de sus actos voluntarios o maliciosos, no es necesario que la acusación alegue la intención de mutilar.

Id.—Mutilación—Privación de un Miembro del Cuerpo.—De acuerdo con el artículo 212 del Código Penal el delito de mutilación existe entre otros casos cuando se priva a un ser humano de cualquier miembro de su cuerpo, sea o no importante, no habiendo sido dicho artículo modificado por la Ley No. 22 de marzo 11, 1913.

Id.—Inutilización de un Miembro Importante del Cuerpo—Cuestión para el Jurado.—El hecho de si la pérdida de un miembro del cuerpo humano produce o nó la inutilidad de algun miembro importante, es cuestión para la apreciación y determinación por el jurado, sin que sea necesario alegarlo en la acusación.

Id.—Miembro Importante del Cuerpo—Dedos de la Mano.—Los dedos de la mano son miembros importantes del cuerpo, pero podrán resultar completamente inútiles o no, según el número de los que se hayan perdido y el sitio por donde fueron seccionados.

Instrucciones al Jurado—Mutilación—Pérdida de un Miembro Importante del Cuerpo—Veredicto de Culpabilidad de Acometimiento y Agresión con Circunstancias Agravantes.—En este caso la corte, entre otras, dió al jurado las siguientes instrucciones: " * * * el jurado, ante las pruebas que se practiquen, si ·está satisfecho de que este hombre, aun cuando está privado de una parte de su cuerpo, esa parte no es esencial, no es un miembro importante de su cuerpo, entonces el jurado, en ese solo caso, atendiendo a que aquí se haya hecho una prueba én ese sentido, es que puede decir que el acusado no es culpable de un delito de mutilación y sí de un delito de acometimiento y agresión con circunstancias agravantes, en el caso que estime que es culpable." Se resolvió que tales instrucciones no son erróneas.

Mutilación—Pérdida de los Dedos de una Mano—Cuestión para el Jurado.—En un caso de mutilación por la pérdida de cuatro dedos de una de las manos, no es necesario practicar prueba especial acerca de si las manos son o nó miembros importantes del cuerpo, pues es de la incumbencia del jurado el apreciar, sin necesidad de prueba, si determinado miembro del cuerpo humano es o no importante.

Id.—Veredicto—Acometimiento y Agresión Graves.—En casos de mutilación queda probado el delito cuando el Fiscal prueba que el acusado privó a otra persona de un miembro de su cuerpo, y si el acusado no probare que tal miembro no es importante, o no resultare de la propia prueba del Fiscal, el veredicto deberá ser de mutilación y nó de acometimiento y agresión.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Manuel F. Rossy.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante fué acusado ante la Corte de Distrito de San Juan, Sección 2ª., por el delito de mutilación porque ilegal, voluntaria y maliciosamente con un machete dió una herida a Arturo Rivera, seccionándole cuatro dedos de la mano izquierda.

Celebrado el juicio ante un jurado, éste, después de oir las pruebas, lo declaró culpable del delito de mutilación. El apelante solicitó entonces de la corte que le concediera un nuevo juicio y habiendo sido desestimada su solicitud fué sentenciado a cumplir como pena un año y seis meses en el presidio con trabajo forzados, contra cuyo fallo y resolución denegatoria de nuevo juicio ha interpuesto el presente recurso de apelación.

Aunque el apelante no presentó alegato escrito para sostener su recurso, sin embargo su abogado asistió a la vista y argumentó oralmente alegando que la denuncia era insuficiente por no expresar que el apelante tuviera la intención específica de mutilar, ni que el miembro del cual quedó privado el lesionado fuera un miembro principal del cuerpo. También sostuvo la concesión de nuevo juicio por los motivos que aparecen de la moción en que lo solicitó.

El artículo 212 del Código Penal que trata del delito de mutilación dice así:

"Artículo 212.—Toda persona que ilegal y maliciosamente privare a algún ser humano de un miembro de su cuerpo, o lo mutilare, desfigurare o inutilizare, o le cortare o mutilare la lengua, sacare un ojo, rajare la nariz, oreja o labio, será reo del delito de mutilación."

Comparado este precepto con las palabras de la acusación que al principio hemos extractado, vemos que ésta sigue las palabras del estatuto, y ya hemos resuelto en otros casos que por regla general esto es bastante para que la acusación sea suficiente, a menos que determinados hechos sean necesarios para constituir un delito. *El Pueblo* v. *Ortiz*, 17 D. P. R., 898.

Además, como el código no requiere para que el delito de mutilación se entienda cometido que se pruebe una intención específica, ya que toda persona responde de las consecuencias naturales de sus actos voluntarios y maliciosos, no es necesario que la acusación alegue tal intención de mutilar.

En cuanto al otro extremo de que para que una acusación por delito de mutilación sea suficiente necesita alegar que el perjudicado ha sido privado de un miembro importante de su cuerpo, diremos que el artículo 212 del Código Penal no ha sido enmendado después de su publicación por lo que existe la mutilación, entre otros casos, cuando se priva a un ser humano de cualquier miembro de su cuerpo, sea o no importante.

Es cierto que la ley número 22 de 11 de marzo de 1913 enmendando el artículo 286 del Código de Enjuiciamiento Criminal dispone que "bajo una acusación por el delito de mutilación, el jurado podrá declarar culpable al acusado de un delito de acometimiento y agresión con circunstancias agravantes o de acometimiento y agresión simple, siempre que se hubiere probado en el juicio que el agredido no ha quedado inutilizado en algún miembro importante de su cuerpo," pero esta ley no dice que la pérdida de un miembro no importante del cuerpo humano constituya un delito de acometimiento y agresión con circunstancias agravantes o sin ellas, sino que partiendo del supuesto de que la persona perjudicada ha perdido un miembro de su cuerpo, que es lo que constituye la mutilación, permite sin embargo al jurado que si se le prueba que tal pérdida no lo deja totalmente inutilizado de algún miembro importante de su cuerpo, califique el hecho como acometimiento y agresión. La mutilación existe siempre que el perjudicado quede privado de algún miembro de su cuerpo, aunque esa ley, buscando sin duda la mitigación en la pena, permite que el jurado la califique como acometimiento y agresión si se le prueba que no ha quedado inutilizado de un miembro importante de su cuerpo. En consecuencia, la acusación que alega simplemente la pérdida de

un miembro del cuerpo humano es suficiente para imputar
el delito de mutilación y si tal pérdida produce o no la inu-
tilidad de algún miembro importante es cuestión para la
apreciación y determinación del jurado y no es necesario
que se alegue en la acusación.  Los dedos de la mano, por
ejemplo, sin duda alguna que son miembros importantes del
cuerpo humano porque sin ellos no puede verificarse la apre-
hensión de los objetos, pero podrán resultar completamente
inútiles o no según el número de los que se hayan perdido
y el sitio por donde fueron seccionados.

Pasando ahora a considerar los motivos en que se fundó
la petición de nuevo juicio, que fué denegada, encontramos
que son tres, a saber:

"1°. Porque la corte informó erróneamente al jurado acerca del
particular de si estaba o no probado que era un miembro importante
el que perdió la víctima por la mutilación objeto de este juicio.  Caso
comprendido en el párrafo 5°. del artículo 303 del Código de Enjui-
ciamiento Criminal.

"2°. Porque el veredicto es contrario a las pruebas, porque no
se justificó por la acusación que dicha víctima había sufrido la pér-
dida de un miembro importante.

"3°. Por ser el veredicto contrario a derecho, puesto que habién-
dose informado por la corte al jurado de que para apreciar si el hecho
era constitutivo de un delito de mutilación, o de acometimiento y
agresión con agravantes, era necesario la justificación por parte del
acusado de que la lesión sufrida por la víctima no constituía la pér-
dida de un miembro importante."

En el juicio se probó que el agredido, que es zurdo, fué
privado por el apelante, con un machete, de cuatro dedos
de su mano izquierda, siendo ellos el índice, medio, anular
y meñique, quedando por tanto únicamente en dicha mano
el dedo grueso.

La corte informó al jurado respecto a lo que debía con-
siderarse como miembro importante del cuerpo humano, y
dejó que determinase si como consecuencia de la pérdida de
los dedos se encontraba o no inutilizado de algún miembro

importante del cuerpo y les explicó que en el segundo caso podían dar veredicto por acometimiento y agresión con circunstancias agravantes. Las instrucciones en este particular fueron así:

"Este delito de mutilación ha sido siempre el pensamiento del legislador de que sea un delito específico, de que no esté relacionado con ningún otro acto, es decir, de que no pueda encontrarse a un hombre acusado de este delito culpado de un delito menor. En una acusación de mutilación no sucede, por ejemplo, lo que en el asesinato, que se puede encontrar al acusado culpable de homicidio, o lo que en un atentado a la vida, que se le puede considerar culpable de ataque con intención de cometer homicidio.

"Este delito ha sido siempre considerado por el legislador como delito único, de tal manera, que un hombre acusado de mutilación se le debe declarar culpable de ese delito, o se le debe absolver, sin que hayan términos medios.

"Parece que el legislador ha querido reducir un poco la gravedad de ese delito, gravedad que, desde luego, descansa en su naturaleza y en la extension de la pena de que puede ser objeto, y por eso la Asamblea Legislativa en estos últimos tiempos ha votado una ley decretando que un individuo acusado de mutilación puede ser declarado culpable de un delito de acometimiento y agresión con circunstancias agravantes, siempre que se probare en el juicio que el agredido no ha quedado inutilizado de ningún miembro importante de su cuerpo. De modo que estableciendo ante un jurado una acusación de mutilación por estimar el Fiscal, que es el que lleva el peso de la acusación, que el perjudicado está privado de un miembro importante de su cuerpo, como por ejemplo, un brazo, una pierna o cualquiera otro órgano especial para el ejercicio de su trabajo o negocio, el jurado, ante las pruebas que se practiquen, si está satisfecho de que este hombre, aun cuando está privado de una parte de su cuerpo, esa parte no es esencial, no es un miembro importante de su cuerpo, entonces el jurado, en ese solo caso, atendiendo a que aquí se haya hecho una prueba en ese sentido, es que puede decir que el acusado no es culpable de un delito de mutilación y sí de un delito de acometimiento y agresión con circunstancias agravantes, en el caso que estime que es culpable.

"Pero repito que el jurado para hacer eso y para cumplir con la ley, es preciso que tenga una demostración ante él, clara y evidente, de que el acusado no ha sido privado de un miembro importante de su

cuerpo. Sólo en este caso único es que puede rebajar la calificación de un delito de mutilación.''

Después de su lectura no podemos declarar que cometiera el error que se le atribuye en el primer motivo de la moción de nuevo juicio.

En cuanto al segundo motivo, ya hemos dicho que de la prueba resulta que el agredido perdió cuatro dedos de una de sus manos por lo que no puede sostenerse, según pretende el apelante, que no esté probado que sufrió la pérdida de un miembro principal, toda vez que las manos son de los miembros más importante del cuerpo humano; y aunque es cierto que no se practicó una prueba especial respecto de si las manos son o nó miembros importantes del cuerpo, tal evidencia no era necesaria porque esa cuestión es de la incumbencia del jurado quien puede apreciar sin necesidad de prueba si determinado miembro del cuerpo humano es o no importante.

Examinando finalmente el tercero y último de los motivos de la moción de nuevo juicio, no podemos llegar a la conclusión que sostiene el apelante de que la corte cometiera error al instruir al jurado que, para que pudiera dar un veridicto de acometimiento y agresión era necesario que se probase que la lesión sufrida por el agredido no le privaba de un miembro principal de su cuerpo, y por tanto que el veredicto sea contrario a derecho.

Ya hemos dicho que, entre otros casos, el delito de mutilación se comete por privar a una persona de un miembro de su cuerpo y por tanto cuando el Fiscal justifica esa privación, ha probado un caso de mutilación; mas como la ley de 1913 permite que se castigue como acometimiento y agresión si se probare que tal miembro perdido no es importante, es claro que es al acusado a quien toca probar este extremo. En otras palabras, lo que tiene que probar el Fiscal, en casos como el presente, es que el acusado privó a otra persona de un miembro de su cuerpo, y si el acusado no probare que tal miembro no es importante, o no resultare de la propia prueba del Fiscal, el veredicto deberá ser de mutilación, y no de aco-

metimiento y agresión, por lo que la corte inferior no ha cometido el error que se le atribuye.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.