EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL URBINA y JOSÉ MURGA SUÁREZ (*a*) "PUYÚ", acusados y apelantes.

Núm. 6173.—*Sometido:* Enero 21, 1937. *Resuelto:* Febrero 10, 1937.

C. *Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de los apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito de Bayamón, acusó a Nicolás Serrano, Rafael Urbina y José Murga de haber asesinado a Tulio A. Díaz, como sigue:

"Allá en o por el día 15 de julio de 1935, y en la calle 'José R. Carazo,' de la población de Guaynabo, P. R., que forma parte del Distrito Judicial de Bayamón, P. R., los referidos acusados Nicolás Serrano, (*a*) 'El Oso', Rafael Urbina y José Murga Suárez, (*a*) 'Puyú', de manera ilegal y voluntariamente, con malicia premeditada y propósito deliberado y firme de matar, y demostrando perversidad y malignidad de corazón, se pusieron en acecho armados de palos los dos primeros y de un revólver el último, y allí y entonces los tres actuando juntos y ayudándose mutuamente, atacaron y mataron al ser humano Tulio A. Díaz Silva, infiriéndole heridas graves de palo y de bala que le ocasionaron la muerte unos minutos después.''

Alegaron los acusados que eran inocentes. El jurado que los juzgó declaró no culpable a Serrano y culpables de asesinato en segundo grado a Urbina y a Murga. Solicitaron éstos un nuevo juicio. La corte negó la solicitud y dictó sentencia imponiendo a Urbina doce años de presidio y quince a Murga. No conformes, apelaron, señalando en su alegato seis errores. Por el primero alegan que la evidencia es insuficiente para sostener el veredicto del jurado. Por el segundo, el tercero, el cuarto y el quinto que la corte erró en relación con sus instrucciones al jurado y por el sexto que erró también al negar la moción de nuevo juicio.

██ Hemos examinado la evidencia y es a nuestro juicio

suficiente. La de cargo, que creyó el jurado, demuestra que dos de los acusados, Serrano y Urbina, fueron vistos de siete y media a ocho de la mañana del día del suceso en la plaza pública de Guaynabo portando palos por un testigo que los escuchó hablar de darle una paliza al interfecto, llegando en esos momentos el otro acusado Murga que se sentó junto a ellos. Otro testigo vió también algo más tarde a los acusados Serrano y Urbina armados de palos en actitud sospechosa caminando y hablando frente a la oficina de la PRERA en Guaynabo el día de autos.

De la agresión hay varios testigos presenciales. Coinciden sus testimonios y de ellos se viene en conocimiento de que Díaz caminaba por una de las calles de Guaynabo en compañía de Lucas Rondón con dirección a las oficinas de la PRERA, siendo ambos atacados con palos por Serrano y Urbina, dando Urbina a Díaz un macetazo, apareciendo entonces Murga que le disparó cuatro tiros de revólver, hiriéndolo.

Díaz fué llevado a una clínica muriendo poco después. Las heridas que recibiera fueron dos, una que pudo ser inferida por instrumento contundente y otra de bala.

■ No existe, pues, el primer error señalado. Tampoco el segundo que se alega cometido por la corte al trasmitir al jurado la siguiente instrucción:

"... y es asesinato en segundo grado, todos los demás, o sea aquéllos en que se produce la muerte ilegal de un ser humano con malicia pero sin que medie deliberación o premeditación."

Para juzgar sobre la corrección de unas instrucciones, deben éstas estudiarse en su totalidad. La corte comenzó su instrucción sobre el punto en controversia, así:

"Asesinato es dar muerte ilegal a un ser humano con malicia premeditada. Dicha malicia premeditada puede ser de dos clases: expresa o tácita. Es expresa, cuando se manifiesta el propósito deliberado de quitar la vida ilegalmente a un semejante. Es tácita, cuando no resulta notable provocación, o las circunstancias que concurren a la muerte demuestran un corazón pervertido y maligno."

Y la terminó como sigue:

"La ley divide el delito de asesinato en dos grados: primero y segundo. Todo asesinato perpetrado por medio de veneno, acecho o tortura, y toda clase de muerte voluntaria, deliberada y premeditada o cometida al perpetrarse o intentarse algún incendio, violación, robo, escalamiento o mutilación, constituye asesinato en primer grado. Y es asesinato en segundo grado todos los demás, o sea aquéllos en que se produce la muerte ilegal de un ser humano con malicia, pero sin que medie deliberación o premeditación."

La corte había ya calificado de premeditada la malicia a que se refirió últimamente. No hubo error. Si alguna duda pudiera existir, quedó resuelta en contra de los apelantes recientemente por esta corte en el caso de *El Pueblo* v. *Belardo*, 50 D.P.R. 513.

■ Los señalamientos tercero y cuarto se refieren a instrucciones que no fueron objetadas específicamente. Eso no obstante hemos estudiado todo cuanto dicen sobre ellas en su alegato los apelantes y no estamos convencidos de que aunque se concluyera que no eran perfectamente correctas, podrían estimarse como perjudiciales, especialmente habiendo rendido como rindió el jurado un veredicto de asesinato en segundo grado.

■ El quinto error se formula así:

"La Corte cometió manifiesto error en sus instrucciones al omitir en el resumen que hiciera de la evidencia el hecho importante de que Urbina portaba en el cinto un revólver en los instantes en que sucedieron los hechos que culminaron en la muerte de Tulio A. Díaz. El abogado defensor tomó excepción específica de este error."

Las instrucciones de la corte contienen un resumen de la evidencia razonablemente completo. No estaba la corte obligada a entrar en detalles, a reproducir por entero las declaraciones de los testigos. Podía confiar en la memoria de los jurados que acababan de oírlas. No hubo error.

El sexto y último señalamiento queda resuelto con lo que anteriormente se ha expresado, pues las cuestiones que hemos discutido son las mismas que sirvieron de base a la

moción de nuevo juicio declarada sin lugar por la corte de distrito.

Un estudio de la totalidad de los autos nos convence de que se hizo justicia substancial en el caso.

*Por virtud de todo lo expuesto deben declararse sin lugar las apelaciones interpuestas contra la resolución negando el nuevo juicio y contra la sentencia, quedando dichas resolución y sentencia confirmadas.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.