El Pueblo de Puerto Rico, demandante y apelado, *v.* Baldomero Rosa Martínez y Epifanio Dieppa Pagán, acusados y apelantes.

Núm. 6340.—*Sometido:* Mayo 25, 1937. *Resuelto:* Mayo 28, 1937.

Baldomero Rosa Martínez compareció por su propio derecho; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Baldomero Rosa Martínez y Epifanio Dieppa Pagán fueron acusados por el Fiscal del Distrito de San Juan de haber acometido y agredido voluntaria y maliciosamente con navaja barbera y cuchillo el 25 de junio de 1935 en San Juan a Carlos Reyes infiriéndole varias heridas en el antebrazo izquierdo y en la región epigástrica, quedando el brazo izquierdo mutilado.

Alegaron su inocencia los acusados y pidieron juicio por jurado. Celebrado el juicio, el Jurado rindió un veredicto

de culpabilidad. La corte, en febrero 8, 1936, dictó sentencia condenando a Rosa a tres años de presidio y a Dieppa a uno.

Ambos apelaron para ante este tribunal en el que quedaron radicados los autos desde octubre 3, 1936. El apelante Dieppa no ha hecho gestión alguna. El apelante Rosa pidió repetidas prórrogas que le fueron concedidas presentando finalmente su alegato personalmente en febrero 10 último. Sostiene que la evidencia practicada demuestra que no tuvo intención de causar daño a Reyes habiendo sido el otro acusado el que le produjo las heridas de importancia y que no se trata de un caso de mutilación sino de acometimiento y agresión grave.

■ Hemos examinado la evidencia. Con respecto a la participación del apelante Rosa fué contradictoria. Rosa declaró que Reyes le dió un puño primero y él se defendió con su cuchilla de carpintero de abrir y cerrar. Pero Reyes declaró que los hechos ocurrieron de muy distinto modo. Después de manifestar que había encontrado a su mujer en la casa de la querida de Rosa sentada en la falda de Dieppa y salido a buscar un policía, dijo:

"Me llamaron y viré para atrás, como yo no tenía nada pendiente con él, viré para atrás y salió Epifanio Dieppa que estaba escondido y me agarró por una mano y le gritó a Baldomero Rosa— córtalo ahora—y Baldomero me cortó y entonces Dieppa sacó un arma, la cual yo no pude distinguir bien y me cortó en el pecho y yo embalé a correr y se me fueron detrás y cuando llegué a la esquina de la Carretera Nueva viraron para atrás corriendo y me encontré entonces con Antonio Balasquides y me agarró porque iba mareado y llegando a la parada 23 me encontré con el guardia Flores y él lo llamó que iba en el *trolley* y lo llamó y me llevaron al Hospital y me mareé y no supe nada más."

El Jurado creyó a Reyes y a virtud del examen que hemos hecho de los autos opinamos que estuvo bien fundada su creencia.

■ En cuanto a la existencia de la mutilación, debe examinarse la declaración del Doctor Arsenio Comas, perito

médico-cirujano que compareció ante el Jurado. Reconoció a Reyes en la noche en que fué herido y dijo que tenía "una herida incisa profunda en la cara interna del antebrazo izquierdo que le interesó la piel, músculos, los nervios y vasos sanguíneos" y otra "herida leve en el epigastro o sea lo que llamamos la boca del estómago."

Refiriéndose a la primera herida manifestó: "El muchacho quedó mutilado de la mano izquierda. Tiene una incapacidad del cincuenta por ciento de su mano. No puede agarrar. El tendón que afectó la herida es el que pasa a la cara externa y suple los dedos meñique, anular y medio. El dedo está completamente inútil. La mano en conjunto tiene un cincuenta por ciento de inutilidad. Sometiendo la mano a una operación podría que mejorara algo."

Examinada esa declaración a la luz de la ley y la jurisprudencia, sostiene a nuestro juicio la calificación de mutilación dada al delito. Artículo 212 del Código Penal; *El Pueblo* v. *Pizarro,* 21 D.P.R. 17; 40 C. J. 2 y 7; Enciclopedia Criminal de Brill, 1365, y *Slattery* v. *The State,* 41 Tex. 619.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.