EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO CRUZ PABÓN, acusado y apelante.

Número 15885.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 16 de marzo de 1955.

*F. Pérez Rejis*, abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Ramón Olivo Nieves, Fiscal Especial, Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Pedro Cruz Pabón fué convicto por un jurado de un delito de robo y contra la sentencia impuéstale de tres a seis años de presidio con trabajos forzados, interpuso el presente recurso de apelación. En su alegato imputa a la corte sentenciadora la comisión de los siguientes dos errores:

"Primer Error: El magistrado del tribunal inferior cometió error al dar las instruccions a los señores del jurado.

"Segundo Error: Se cometió error por el jurado en la apreciación de la prueba."

Los errores cometidos por el juez al trasmitir sus instrucciones al jurado consisten, a juicio del apelante, en que (1) el juez hizo un resumen incorrecto del testimonio del perjudicado Mateo Álvarez Luciano, (2) el juez no hizo un análisis detallado de la declaración del testigo de cargo Francisco Flores, (3) el juez no instruyó adecuadamente al jurado sobre la defensa de la coartada.

El juez hizo un resumen de lo que cada testigo había declarado. Refiriéndose al testimonio del perjudicado Mateo Álvarez Luciano el juez manifestó que aquél había declarado "Que por el camino llegó a una curvita y que notó que en un

desagüe cerca de esa curva *estaba escondido el acusado* y entonces el acusado salió y le pidió al perjudicado un cigarrillo y cuando el testigo se disponía a darle el cigarrillo, el acusado con una piedra que tenía en la mano le dió cinco o seis golpes." (Bastardillas nuestras.) De la transcripción de la evidencia se desprende que este testigo manifestó que "cuando llegó a una curvita que estaba cerquita de un desagüe, le pidió un cigarrillo (refiriéndose al acusado) y cuando se lo fué a dar éste le dió un golpe con una piedra." En estas manifestaciones el testigo no dijo expresamente que el acusado estaba escondido. Sin embargo, existe en el récord prueba al efecto de que el perjudicado había manifestado antes del juicio que el *acusado estaba escondido*. El policía José E. Pérez, usado como testigo de defensa, declaró en el interrogatorio directo que el perjudicado Mateo Álvarez llegó al Cuartel de la Policía de Villalba "lleno de sangre con esos golpes en la cabeza y entonces yo lo mandé a curar al hospital y él me declaró allí que el que le había dado unos golpes había sido Pedro Cruz Pabón..." Al preguntarle la defensa si le había dicho algo más, contestó: "Que mientras él se dirigía de la tienda de Francisco Flores a su hogar dijo *que estaba escondido en el camino Pedro Cruz Pabón*, que había salido y le había pedido un cigarrillo y acto seguido le había dado con una piedra en la cabeza y le había quitado quince dólares del bolsillo izquierdo." Por otro lado, la teoría de defensa fué la coartada. El acusado negó encontrarse en el sitio de los hechos y negó toda participación en los mismos. Sostuvo ante el jurado que él no se vió el día de los hechos con el perjudicado Mateo Álvarez. Si su teoría hubiera merecido crédito, el veredicto hubiera sido absolutorio, no importa lo que el perjudicado hubiera declarado respecto a si dicho acusado se encontraba o no escondido en una curva del camino. Por el contrario, descartada la teoría de defensa, jugaba papel de escasa importancia el hecho de que el acusado estuviera o no escondido en la curva. Lo cierto es, según lo confirma el

veredicto condenatorio, que el acusado se encontraba en una curva del camino y que allí agredió al perjudicado y le despojó de quince dólares. Por tanto, en ausencia de demostración de que el error en que incurriera el juez al poner en boca del perjudicado una manifestación que éste había hecho antes y no durante el juicio, perjudicó los derechos del acusado, no anularemos el veredicto rendido.

▇▇▇▇▇ El apelante alega que "en sus instrucciones a los señores del jurado y en relación a la declaración del testigo Francisco Flores, el magistrado fué poco específico en cuanto a dicha declaración al analizar la misma ya que silenció el hecho importantísimo de dicha declaración que el acusado apelante Pedro Cruz Pabón no se encontró en el sitio de los hechos antes de llegar allí Mateo Álvarez Luciano, cuando estaba allí ni en momento alguno durante las horas de ese día."

Es de lugar indicar que si bien la defensa tomó excepción en cuanto al comentario y análisis de la prueba hechos por el juez y específicamente al análisis de las declaraciones de los testigos Francisco Flores y Mateo Álvarez, dicha excepción fué de carácter general, sin que la misma se refiriera específicamente a la omisión de que ahora se queja. Véase *State* v. *Sutton*, 34 S.E.2d 195; *Pueblo* v. *Cartagena*, 54 D.P.R. 870.

La ley dispone que el juez hará un resumen del caso, omitiendo todas las circunstancias superfluas, llamando la atención del jurado hacia la cuestión esencial a resolver y puntos principales en discusión, expresando cuál ha sido la prueba practicada para sostenerlos, con las observaciones que estime necesarias para el gobierno del jurado, y expresando su opinión solamente sobre las cuestiones de derecho que surjan de la prueba. Art. 233 del Código de Enj. Criminal; *Pueblo* v. *Bartolomei*, 70 D.P.R. 698; *Pueblo* v. *Rodríguez*, 69 D.P.R. 980; *Pueblo* v. *Valentín*, 63 D.P.R. 787; *Pueblo* v. *Lebrón*, 61 D.P.R. 657; *Pueblo* v. *Cartagena*, 54 D.P.R. 870; *Pueblo* v. *Fernández*, 14 D.P.R. 629. Basta con que las instrucciones

de la corte contengan un resumen de la evidencia razonablemente completo, *Pueblo* v. *Urbina*, 50 D.P.R. 884, siendo suficiente que el juez exprese lo que sustancialmente se ha dicho —*State* v. *Catelli*, 101 Atl. 476 y *Commonwealth* v. *Schurtz*, 10 A.2d 378. Si el juez deja al jurado, como lo hizo en este caso, la determinación de las cuestiones de hecho, es suficiente que le ofrezca meramente un resumen general de la evidencia de una y otra parte. *Commonwealth* v. *Waters*, 25 A.2d 756.

Las partes en este caso presentaron pocos testigos y los testimonios fueron breves, sencillos y claros. No hay indicios en el récord de que el jurado no pudiera recordarlos tan bien como el juez. No vemos cómo la omisión apuntada por el apelante pueda ser motivo suficiente para revocar la sentencia apelada cuando del conjunto de las instrucciones se desprende que el juez correctamente llamó la atención del Jurado sobre la cuestión esencial a resolver y los puntos principales en discusión, reseñándoles brevemente la prueba presentada para sostenerlos.

■ Es frívola la contención del apelante respecto a la instrucción sobre la defensa de coartada. (1) Dicha instrucción no fué específicamente objetada por el acusado en la corte a quo pero independientemente de ello convenimos con el fiscal de este Tribunal en que siendo el jurado el llamado a resolver si el acusado cometió el delito, o si por el contrario no pudo cometerlo por no encontrarse en el sitio, no se cometió error perjudicial al acusado al decirle que si tenían duda razonable en cuanto a ese extremo debían absolver al acusado.

---

(1) Dicha instrucción lee así:

"Si ustedes, los Señores del Jurado, por el resultado de la prueba presentada llegan a la conclusión de que el acusado Pedro Cruz Pabón en la fecha y en el sitio a que se refiere la acusación se encontraba en otro sitio y por lo tanto no pudo cometer este delito en la persona de Mateo Álvarez Luciano, por encontrarse en otro sitio, entonces en este caso ustedes deben darle el beneficio de la duda al acusado y absolverlo o si ustedes los Señores del Jurado creen por el resultado de la prueba presentada que el Ministerio Fiscal no ha establecido debidamente su caso o que se trata de una persecución del policía José E. Pérez contra este acusado o tienen una duda razonable y fundada acerca de la culpabilidad de este acusado en este caso, ustedes deben darle el beneficio de la duda al acusado y absolverlo."

██ El segundo error señalado, es también frívolo.

La prueba fué contradictoria y el jurado, a quien correspondía, resolvió el conflicto en contra del acusado apelante, rindiendo un veredicto de culpabilidad. *Pueblo* v. *Cabrera*, 59 D.P.R. 135; *Pueblo* v. *Betancourt*, 66 D.P.R. 132; *Pueblo* v. *Rodríguez*, 70 D.P.R. 23. Por lo tanto, no lo alteraremos en apelación. *Pueblo* v. *Macaya*, 43 D.P.R. 621; *Pueblo* v. *Rosa*, 51 D.P.R. 636.

*La sentencia apelada será confirmada.*